## Reese Appeal.

Argued March 1, 1954. Before Rhodes, P. J., Ross, Gunther, Wright, Woodside and Ervin, JJ.

*R. Lawrence Coughlin,* with him *W. W. Hall, Leo W. White* and *Coughlin & Hughes,* for petitioner, appellant.

*Henry Thalenfeld,* for exceptants, appellees.

*Donald S. Mills,* for Tax Claim Bureau, appellee.

Opinion by Wright, J., April 15, 1954:

This is an appeal from an order dismissing a petition to intervene in the adjudication of exceptions to

the return of a tax sale of real estate under the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 P.S. 5860.101 et seq. It has been stated that the strict provisions of this Act were not intended to punish taxpayers, but to protect the local government against wilful, persistent and longstanding delinquents: *Ross Appeal*, 366 Pa. 100, 76 A. 2d 749.

On September 4, 1952, the Tax Claim Bureau of Luzerne County exposed certain lands to public tax sale at which time one Harry Mertz became the purchaser of two properties. On November 6, 1952, Mertz assigned his interests to appellant, R. C. Reese. A consolidated return of the properties sold was made by the Tax Claim Bureau on December 11, 1952. The next day, December 12, 1952, Edward C. Lowe, Virginia P. Lowe and Frank P. Bevan filed exceptions to the return, asserting that the properties in question had been improperly assessed and advertised, and that, as real owners, they had not received notice of the sale. On the same day the court fixed January 16, 1953, as the time for hearing the exceptions. No notice was given to appellant, nor to Mertz, the original purchaser. However, appellant's attorney saw a news announcement of the filing of the exceptions. Acting for appellant, he appeared before the court below on January 15, 1953, accompanied by the attorney for the appellees. The court thereupon, and with the agreement of counsel, continued the hearing until January 23, 1953. At the request of appellant's attorney, the hearing was subsequently continued until January 30, 1953, at three o'clock p.m. On the morning of January 30, 1953, appellant's attorney requested a third continuance, which was refused. A hearing was held at the appointed hour. At this hearing there appeared the assistant solicitor of Luzerne County, the director of the tax claim bureau, and the attorney for the exceptants. Neither appellant nor his counsel were pres-

ent. The court proceeded to take testimony, and the record was closed. Thereafter, on March 3, 1953, the stenographic transcript of the hearing was lodged for decision by the court. On March 4, 1953, appellant presented to the court a petition for leave to intervene. On this petition the court granted a rule upon the exceptants to show cause why appellant should not be allowed to intervene and directed that all proceedings be stayed. An answer was filed in the nature of preliminary objections on March 10, 1953. Argument was subsequently heard by the court en banc and, on June 11, 1953, the court unanimously held that there had been undue delay on the part of appellant and dismissed the petition. This appeal followed.

Appellant contends (1) that a purchaser at a tax sale has such an interest in the subject matter as to require him to be joined as a real party in interest in the proceedings to set the sale aside; and (2) that a pronouncement of laches should not have been made so as to preclude him from protecting his property right. In view of our determination of the second contention, it is unnecessary to pass on the nature of the rights appellant may have acquired under the tax sale.

It is important to note that, even though he received no formal notice of the filing of the exceptions, appellant was apprized of them at some time before the original date set for hearing. In consequence thereof, his attorney appeared before the court below with the attorney for the exceptants and, by agreement, a continued date was set for the hearing. The inescapable conclusion is that appellant was thus recognized as a party in interest in the proceedings and was given an opportunity to be heard. However, he then sought to delay the proceedings by securing continuances of the hearing date. When he no longer was able to continue the time of hearing, he failed to appear. It may be remarked here that the reason for the request for

a further continuance is not disclosed by the record. Since no question was raised concerning the refusal to continue the hearing set for January 30, 1953, we may assume that the reason therefor was not substantial. Even after the hearing appellant took no action until the day following the filing of the notes of testimony, a period of thirty-three days.

Under Rule 2329 (3) of the Pennsylvania Rules of Civil Procedure, an application for intervention may be refused where "the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarass or prejudice the trial or the adjudication of the rights of the parties". The matter is within the sound discretion of the trial court and, unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review: *Darlington et al. v. Reilly et al.*, 363 Pa. 72, 69 A. 2d 84. A petition for intervention may always be refused if the petitioner has unduly delayed in making application therefor: *Butler County Commissioners' Petition*, 141 Pa. Superior Ct. 597, 15 A. 2d 504. As was pointed out in *Tonkonogy v. Levin et al.*, 106 Pa. Superior Ct. 448, 162 A. 315, intervention is improper where it will retard the principal suit, delay the trial, require reopening of the case for further evidence, change the original party's position, or complicate the case and produce a multifariousness of parties and causes of action.

In the case at bar, the question of the validity of the tax sale was directly presented to the court and evidence relating thereto was taken at a hearing attended by the exceptants on the one part and the representatives of the tax claim bureau on the other. Appellant had an opportunity to attend this hearing and chose not to do so. Under all the facts, there appears no good reason why he should now be permitted to

again enter into the litigation and begin at the point where he appeared on January 15, 1953.

Appellant relies on *Bily v. Board of Property Assessment, etc.,* 353 Pa. 49, 44 A. 2d 250. We do not consider this case apposite. There plaintiff purchased a property at sheriff's sale on a mortgage foreclosure and then sought the right to intervene in an appeal previously taken by the mortgagors from a triennial assessment. The Supreme Court held that the change in the ownership of the property occurring during the pendency of the appeal effected an automatic change in the identity of the litigants and, since it was necessary for plaintiff to safeguard an interest of her own which no other party on the record was interested in protecting, intervention should be allowed. Here, appellant's interest arose prior to the filing of the exceptions. At the hearing his interest was represented by the tax claim bureau. He was given the right to appear and failed to do so. Finally, he delayed presenting his application to intervene until after the hearing had been held, the testimony closed, and the record filed with the court for adjudication.

As was noted by the court below, the preliminary objections filed to the petition for leave to intervene were not proper under the Rules of Civil Procedure. No provision is made for pleading to the petition or for making objections to it. All objections can be raised orally at the time of the hearing held on the petition: Anderson, Pennsylvania Civil Practice, Vol. 4, page 526: cf. Goodrich-Amram, §2329-1. However, the filing of the preliminary objections does not affect the decision on the original petition.

The order dismissing the petition to intervene is affirmed.