Edward J. Lewis and Donald Soffer, trading as Oxford Development Company, a partnership *v.* Pine Township and Pine Township Board of Supervisors. Pine Township Citizens' Association, David E. Graf, Edmund Valentine and Ruth Ward, Appellants.

Argued October 27, 1976, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkin-
son, Jr., Mencer, Rogers and Blatt.

*Marvin A. Fein,* for appellants.

*David W. Craig,* with him *Victor R. Delle Donne,*
and *Baskin, Boreman, Wilner, Sachs, Gondelman &
Craig,* for appellee.

Opinion by Judge Rogers, December 15, 1976:

On February 19, 1975, the Pine Township Board
of Supervisors adopted Zoning Ordinance No. 90, re-
zoning land owned by the appellee, the Oxford De-
velopment Company (Oxford) so as to permit com-
mercial development of Oxford's land.[1]  On March 18,

[1] The same Ordinance was the subject of a challenge of a dif-
ferent nature by the same persons in *Pine Township Citizens' As-
sociation v. Pine Township,* 27 Pa. Commonwealth Ct. 533,      A.2d
(1976) (No. 105 C.D. 1976, filed December 14, 1976.)

1975, the appellants, the Pine Township Citizens' Association and individuals, owners of property in the township, filed an appeal with the Zoning Hearing Board of Pine Township challenging Zoning Ordinance No. 90 on substantive grounds. This appeal was dismissed by the Board on June 3, 1975 on the ground that it had no jurisdiction until a permit should be issued. *See Roeder v. Hatfield Borough Council*, 439 Pa. 241, 266 A.2d 691 (1970). On August 28, 1975, Oxford filed an application for zoning, grading and preliminary subdivision approval. The appellants filed a second appeal with the Zoning Hearing Board on September 16, 1975 again substantively attacking Zoning Ordinance No. 90. This appeal was dismissed on November 13, 1975 for the same reason as was their first appeal. The appellants filed a third appeal with the Zoning Hearing Board on October 23, 1975. No action was taken by the Zoning Hearing Board on this appeal because the appellants failed to pay a filing fee. On or about June 25, 1975, the appellants had appealed the action of the Zoning Hearing Board in dismissing their appeal of June 3, 1975 to the Court of Common Pleas of Allegheny County. On December 1, 1975, the Pine Township Board of Supervisors adopted a resolution granting Oxford's application for zoning approval of its project, and on December 29, 1975 Oxford and Pine Township executed and entered into a development agreement.

Pursuant to a petition by Oxford, the Court of Common Pleas of Allegheny County on February 12, 1976 entered its order pursuant to Section 916 of the Pennsylvania Municipalities Planning Code (MPC),[2] requiring the appellants to file bond monthly in the amount of $9240 as a condition to pursuing its zoning appeal of the June 3, 1975 Board decision. The ap-

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10916.

pellants failed to post bond and the appeal was dismissed. The appellants appealed this action to the Commonwealth Court. Their appeal was dismissed by this Court on August 24, 1976 by reason of the appellants failure to comply with our order directing the appellants to file brief on or before July 16, 1976.

On February 2, 1976 and March 1, 1976, a newly constituted Pine Township Board of Supervisors purported to pass resolutions; (1) voiding the agreement of December 29, 1975 between the township and Oxford; and (2) revoking the zoning, grading and subdivision approval granted to Oxford on December 1, 1975. On March 8, 1976, Oxford filed a complaint in mandamus seeking to compel the township and its officers to confirm and issue confirmation of their December 1, 1975 approval of Oxford's plan and of the agreement of December 29, 1975, between the township and Oxford. On April 26, 1976, the lower court entered peremptory judgment in favor of Oxford and against the township. The court ordered the issuance of the permits and the approval of the development, and the confirmation of the agreement between the Township and Oxford; it also struck down the resolutions of February 2 and March 1, 1976.

On May 14, 1976, the appellants filed their petition to intervene as parties defendants in the mandamus action, stating their intention to move for the opening of the peremptory judgment. The court below refused intervention and this appeal from that action followed.

The right to intervene is governed by Pa. R.C.P. No. 2326-2350. Rule 2327 describes persons eligible to intervene:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

The appellants assert that their right to intervention is provided by subparagraph (4); that they are property owners, taxpayers and residents of the township; and that they desire to petition to open the judgment in mandamus in order to assert twenty alleged substantive reasons for the invalidity of Ordinance No. 90.[3] These twenty reasons, however, are the same reasons which they advanced in their June 1975 zoning appeal, which appeal they failed to pursue either by posting bond or by prosecuting the appeal to this, the Commonwealth Court. We agree with the court below that the appellants should not be permitted to intervene in the mandamus action for the purpose of advancing these complaints.

Further, Pa. R.C.P. No. 2329 provides:

[A]n application for intervention may be refused, if

. . . .

---

[3] Some of these reasons are the same as those which the appellants here strenuously argue in their appeal at No. 105 C.D. 1976 were proper objections to the process of enactment of the Ordinance.

(3) The petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Our Supreme Court has said that "[t]he questions of the timeliness of the intervention is one singularly within the periphery of the trial judge's discretionary domain." *Templeton Appeal*, 399 Pa. 10, 17, 159 A.2d 725, 730 (1960). The court below concluded that this petition, filed several weeks after the entry of peremptory judgment, would unduly prejudice the action and the rights of the parties and we see no reason to disturb this exercise of discretion.

Finally, under Rule No. 2329 an application for intervention may be refused if:

(1) [T]he claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action. . . .

The appellants state in their proposed petition to open judgment accompanying the petition to intervene, that the Common Pleas Court was without jurisdiction of the mandamus action and that mandamus was a legally improper means of asserting Oxford's rights in Ordinance No. 90 and the township's actions approving its development. Rather than recognizing the propriety of the action, the appellants seek intervention only to accomplish its dismissal on grounds of impropriety.

The question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review.

*Darlington v. Reilly*, 363 Pa. 72, 76, 69 A.2d 84, 86 (1949).

Finding no abuse of discretion, we enter the following

580

### ORDER

AND Now, this 15th day of December, 1976, the order of the Court of Common Pleas of Allegheny County refusing intervention of the appellants is affirmed.