Debra Ann Hayes, A Minor, by William and Matilda Beach, her Grandparents, et al. *v.* The School District of Pittsburgh, Pennsylvania, et al. Parents of Sunnyside Elementary School et al., Appellants.

Argued November 2, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*Louis P. Vitti,* with him *Ryan and Bowser,* for appellants.

*Conrad A. Johnson,* with him *Douglas W. Reed,* and *Joanne Ross Wilder,* for appellees.

OPINION BY JUDGE WILKINSON, JR., December 19, 1977:

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying a petition to intervene filed by appellants in a class action suit brought by students living in the Homewood-Brushton section of Pittsburgh against the School District of Pittsburgh and the superintendent of said district. We reverse and remand.

On July 24, 1975 the Board of Public Education (Board) of the school district announced plans to convert Baxter Elementary School in Homewood-Brushton to a middle grade center in the fall of 1975. In August 1975 certain students instituted a class action seeking to restrain the Board from opening Baxter as a middle grade center alleging the action created a segregated school in violation of the Fourteenth Amendment of the U.S. Constitution and an order of the Pennsylvania Human Relations Commission. After a hearing on the students' request for a preliminary injunction, the parties agreed to court-supervised negotiations in an attempt to resolve their differences. When this attempt failed, the court issued an adjudication and decree on March 1, 1976 which ordered the Board to close Baxter as a middle grade center and to either begin construction of a new facility at the site of Sunnyside Elementary School (which appellants' children attended) or submit an alternative plan to the court. On April 9, 1976, appellants filed a petition

for permission to intervene. Appellants appeared at oral argument on exceptions to the adjudication filed by the Board on April 20, 1976, but no formal argument was heard on the petition to intervene nor was any testimony taken then or at any time prior to the court order refusing the petition for permission to intervene. On July 2, 1976, the court issued its order denying the petition to intervene stating, "it appear[s] to the Court that the Petition fails to allege a *sufficient enforceable interest,* is vague and conclusory, unspecific as to status and nonconforming to law. ..." (Emphasis added.)

Appellants contend the lower court erred in refusing the petition to intervene without first conducting a hearing and receiving testimony as to the merits of their claim. We agree.

Petitions to intervene are governed by Pa. R.C.P. Nos. 2326-2329. Pa. R.C.P. No. 2327 denominates four categories of persons who may intervene in an action including any person who has "any legally enforceable interest" which may be affected by a determination of the action. Pa. R.C.P. No. 2328 requires the would-be intervenor set forth the ground on which intervention is sought, that is, upon which of the four categories he bases his belief that he is entitled to intervene. Pa. R.C.P. No. 2329 which governs court action on the petition provides:

> Upon the filing of the petition *and after hearing,* of which due notice shall be given to all parties, the court, *if the allegations of the petition have been established and are found to be sufficient,* shall enter an order allowing intervention. . . . (Emphasis added.)

Thus, reading the rules together, it is clear a hearing must be held where the petitioner is given the opportunity to establish factually that he comes within one

of the four categories of persons who are entitled to intervene under Pa. R.C.P. No. 2327. In this case, the lower court denied the petition on the ground appellants failed to allege a sufficient enforceable interest, a conclusion which clearly goes to the question of whether the appellants had established themselves as persons who come within one of the four categories of persons who may intervene. Since there was no testimony taken or evidence introduced, the factual matters necessary on the record to support a finding of an insufficient enforceable interest are lacking in the present record. See Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A.2d 692 (1960). For this reason also, we reject appellees' contention that Pa. R.C.P. No. 2329(3), which allows an application to be refused if the petitioner has unduly delayed in making application for intervention, justifies the lower court's action in this case. It is only after a hearing, where factual matters are established and objections may be properly raised, that the trial court has the discretion to disallow the petition on these grounds. Reese Appeal, 175 Pa. Superior Ct. 270, 104 A.2d 176 (1954). We are further not persuaded by appellees' claim that failure to comply with technical rules justified refusal of the petition. As noted in Esso, supra, the proper response to such technical defects would be leave to amend under Pa. R.C.P. No. 1033 rather than refusal under Pa. R.C.P. No. 2329.

Accordingly, we will enter the following

ORDER

AND Now, this 19th day of December, 1977, the order of the Court of Common Pleas of Allegheny County No. G.D. 75-19178, dated July 2, 1976, is hereby reversed and the case remanded for further proceedings not inconsistent with this opinion.