437 A.2d 1234

**Tony VESPAZIANI and Viola Vespaziani, his wife,**

**v.**

**Pete INSANA, individually and t/d/b/a Pete Isana Auto Body Repair and Towing, and Richard Insana.**

**Appeal of TRANSPORT INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed Oct. 9, 1981.

Reargument Denied Jan. 4, 1982.

Petition for Allowance of Appeal Granted June 17, 1981.

118

Joseph F. Grochmal, Pittsburgh, for appellant.

Daniel M. Berger, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying a petition for leave to intervene as use plaintiff in a trespass action. We affirm.

Tony Vespaziani, while in the course of his employment, was injured in a motor vehicle accident. As a result, he received workmen's compensation benefits from The Transport Insurance Company. When Vespaziani brought an action in trespass against the driver and owner of the other vehicle, Transport filed a petition for leave to intervene as use plaintiff.[1]

The petition alleged that Transport is subrogated to Vespaziani's rights against the driver and owner of the other vehicle "to the extent that Workmen's Compensation Benefits paid and payable to Vespaziani are in excess of Basic Loss Benefits as construed under the Pennsylvania No-Fault Motor Vehicle [Insurance] Act [Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 P.S. § 1009.101 *et seq* (Supp.1981–22)]." Petition, para. 10. The lower court denied the petition, and Transport took this appeal.

The No-Fault Act "abolished" Vespaziani's right to sue the driver and owner of the other vehicle, with certain exceptions. 40 P.S. § 1009.301(a). One of these exceptions is that the driver and owner of the other vehicle "remain[] liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c), or (d) of this Act." 40 P.S. § 1009.301(a)(4). Section 202 is entitled "Basic loss benefits." 40 P.S. § 1009.202. Section 202(b) provides that "[w]ork loss . . . shall be provided . . . up to a

---

1. Pa.R.Civil P. 2328(a) provides:

   (a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in an action of assumpsit, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which he will file in the action if permitted to intervene or shall state in the petition that he adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

   Transport did not comply with this rule, for it did not "attach to [its] petition a copy of any pleading which [it would] file in the action if permitted to intervene," nor did it state that it would "adopt[] by reference in whole or in part" any pleading "already filed." *See also,* Goodrich Amram 2d, § 2328(a). However, the lower court accepted the petition as filed and ruled on its merits, and appellee has not objected.

total amount of fifteen thousand dollars ($15,000)." 40 P.S. § 1009.202(b).[2]

In other words—and surely Dante would have condemned the authors of the No-Fault Act to be lost in a labyrinth of their own devising—if one is hurt in an automobile accident, he has no right to sue the other driver, unless he has suffered a work loss of over $15,000. If he has suffered a work loss of over $15,000, he may sue the other driver for so much of his loss as exceeds $15,000, for as to that excess he will not have been compensated by his No-fault insurance.

The question presented by this appeal is, How is one's right to sue the other driver affected if, like Vespaziani, one has received not only No-fault insurance benefits but also workmen's compensation benefits?

Under the No-Fault Act "[b]asic loss benefits" means "benefits provided ... for the net loss sustained by a victim." 40 P.S. § 1009.103. "Net loss" means "loss less benefits or advantages required to be subtracted from loss in calculating net loss." *Id.* One of the benefits required thus to be subtracted is "all benefits ... that an individual receives or is entitled to receive from ... workmen's compensation." 40 P.S. § 1009.206(a).

In other words: Suppose as a result of a motor vehicle accident one has suffered a work loss of $100,000, and has received workmen's compensation benefits of $25,000. In determining his ability to sue the driver of the other vehicle, such a person must proceed with the following computation. From his work loss of $100,000 he subtracts the $25,000 he has received in workmen's compensation benefits, giving him a net loss of $75,000. Under the No-Fault Act he is entitled to be compensated for his loss, but only up to a total amount of $15,000. Consequently, to the extent of $60,000 he has not been compensated for his loss. Therefore, to that extent the other driver "remains liable" to him, and may be sued.

**2.** There are separate provisions telling how "work loss" is to be calculated, but they are not pertinent to our discussion. 40 P.S. § 1009.205.

Such an exercise shows, or so we hope, that Transport's petition to intervene is without merit. Vespaziani may maintain his trespass action against the driver and owner of the other vehicle—using the figures of the case we have just supposed, he may recover $60,000. However, Transport is not entitled to share in that recovery. *If* Vespaziani were entitled to recover from the driver and owner of the other vehicle the $25,000 workmen's compensation benefits received from Transport—again, to use the figures we have supposed—*then* he would be entitled to recover not $60,000 but $85,000, *and* Transport would be entitled to subrogation to the extent of the $25,000 workmen's compensation benefits it had paid. However, Vespaziani is *not* entitled to recover the workmen's compensation benefits from the driver and owner of the other vehicle. He is not because he is only entitled to recover from them an amount computed after *subtracting* those benefits. To resort to a colloquialism: Vespaziani is suing the driver and owner of the other vehicle for apples. Transport is only entitled to oranges. *Cf. Brunelli v. Farelly Brothers,* 266 Pa.Super. 23, 402 A.2d 1058 (1979).

No doubt the Legislature might have provided otherwise. Certainly in a fault-based system, a workmen's compensation carrier might reasonably be allowed to recoup the benefits it had paid an employee, and to do so by intervening in the employee's action against the tortfeasor. However, the purpose of the No-Fault Act is not to place the cost of a wrong upon the wrongdoer but instead, to provide a comprehensive low-cost system of compensating victims of motor vehicle accidents without regard to fault. 40 P.S. § 1009.-102. In providing such a system the legislature has decided to place the initial burden of compensating motor vehicle accident victims on primary insurers such as workmen's compensation carriers, even though this may have the effect of lessening the amount of damages the tortfeasor may have to pay.

Affirmed.