452 A.2d 236

**M. LONDON, INC., Lewis Feldman and Jennie Feldman, H/W, Paul London, Executor of the Estate of Louis London and Celia London**

**v.**

**FEDDERS CORPORATION and Fedders-Norge Eastern Distributing, Inc.**

**Appeal of UNITED NATIONAL INSURANCE COMPANY, Amherst Insurance Company and Northeastern Fire Insurance Company of Pennsylvania.**

Superior Court of Pennsylvania.

Argued April 21, 1982.

Filed Sept. 17, 1982.

Reargument Denied Nov. 30, 1982.

Petition for Allowance of Appeal Denied Dec. 22, 1982.

104

Harry P. Begier, Jr., Philadelphia, for appellants.

William D. Parry, Philadelphia, for London, appellees.

Roger J. Harrington, Philadelphia, for Fedders, appellees.

August J. Lacko, Philadelphia, for amicus curiae.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

This is an appeal from a trial court order denying a petition to intervene brought by United National Insurance Company, Amherst Insurance Company, and Northeastern Fire Insurance Company of Pennsylvania (hereinafter the insurance companies). The pertinent facts are as follows. A retail store, owned by M. London, Inc., (hereinafter London) and insured by the appellant—proposed intervenor insurance companies, was extensively damaged by fire on November 24, 1974. London presented claims for the damage to the store to the insurance companies which were settled for a total of $55,034.62.

London conducted an investigation into the cause of the fire and concluded that it was the result of a defective refrigerator manufactured and distributed by Fedders Corporation and Fedders-Norge Eastern Distributing, Inc., (hereinafter Fedders). London brought suit against Fedders on May 9, 1975, alleging damages of over $150,000.00. The insurance companies presented a petition to intervene in the suit on August 23, 1977, which was denied on March 8, 1978. An appeal from the order denying the petition to intervene was filed by the insurance companies with the superior court on March 23, 1978, and a petition for supersedeas was filed in the lower court on May 10, 1978. The lower court denied the petition for supersedeas on June 15, 1978; the insurance companies then filed an application for stay with the superior court. On July 31, 1978, the superior court denied the insurance companies' application for stay with a per curiam order.

A jury trial was held in the underlying action on November 6, 1978; the jury returned a verdict in favor of the

defendants Fedders. Judgment was so entered on March 29, 1979.

Initially, we note that we may address the issues of appealability and jurisdiction sua sponte. *MacKanick v. Rubin,* 244 Pa.Super. 467, 368 A.2d 815 (1976). Although generally an appeal will not lie from an order refusing leave to intervene (*see Boise Cascade Corporation v. East Stroudsburg Saving Associations,* 300 Pa.Super. 279, 446 A.2d 614 (1982)), such an order is appealable if a contrary conclusion would effectively preclude much of the relief sought by the appellant. *Marion Power Shovel Co. v. Fort Pitt Steel,* 285 Pa.Super. 45, 48 n. 2, 426 A.2d 696, 697–98 n. 2 (1981).

The appellant insurance companies seek a reversal of the order of the lower court dismissing their petition for intervention, and a new trial in the action against Fedders. If the instant appeal were to be quashed the insurance companies' claims against Fedders would be effectively precluded as their claims, brought as subrogees, are entirely derivative from that brought by London. "As a subrogee derives his right to recovery from the injured party, the prohibition against splitting of actions is no less binding where the interest of a subrogee is involved." *Travelers Insurance Company v. Hartford Accident and Indemnity Company,* 222 Pa.Super. 546, 549, 294 A.2d 913, 915 (1972). The insurance companies have presented us with an appealable order.

The appellant insurance companies frame their first question involved as follows:

Does a subrogating insurance carrier have a right to intervene in its insured's action against a potential tortfeasor to recover for loss and damage, for which the subrogating insurance carrier has already, in substantial part, paid its insured?

Brief for Appellants at 2.

Whether to allow intervention is a matter within the discretion of the court below, absent a manifest abuse of that discretion. *Marion Power Shovel Co. v. Fort Pitt Steel, supra.* An abuse of discretion is more than just an error of judgment. A trial court will not be found to have abused its

discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *Commonwealth v. Lane,* 492 Pa. 544, 424 A.2d 1325 (1981).

Pa.R.C.P. No. 2329, concerning the actions a court may take on a petition for intervention, provides, in pertinent part:

[A]n application for intervention may be refused, if

. . . . .

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Here, the lower court found that intervention by the insurance companies would not materially improve their position. The lower court noted that the insurance companies had not attempted to intervene until more than two years after London brought the suit, and that London and Fedders were ready to proceed to trial while the insurance companies had not yet begun discovery. Additionally, the lower court found that the insurance companies' interest would be adequately represented since any award in the suit would have to exceed the insurance companies' subrogation rights before London could recover.

We find no abuse of discretion by the lower court in denying the insurance companies' petition to intervene. The petition was filed over two years from the date on which suit was commenced, at which time the original parties were ready to proceed to trial. To have allowed intervention would have been to countenance undue delay in the trial of the matter. Counsel for the proposed intervenor insurance companies was informed of London's representation by counsel and intention to seek reimbursement for damages in excess of those paid by the insurance companies by a letter dated April 22, 1975 (Reproduced Record at 138a) and yet took no action against the alleged tortfeasors, Fedders, and

did not petition to intervene in the instant suit until August of 1977. We reject the insurance companies' argument and find that their intervention would have unduly delayed trial of the underlying suit.

The appellant insurance companies frame their second issue involved as follows:

> May a subrogating insurance carrier be represented, without its consent, in an action brought by its insured against a potential tortfeasor?

Brief for Appellants at 2.

The insurance companies mis-state the issue in alleging that they were represented without their consent in the instant action. As noted previously in this opinion, the insurance companies did not file their petition to intervene until over two years had elapsed from the filing of the complaint; at that time the addition of the proposed intervenors would have unduly delayed trial in contravention of Pa.R.C.P. No. 2329(3). We reject the argument of the insurance companies and affirm the order of the lower court.

Order affirmed.

WIEAND, J., concurs in the result.