491 A.2d 894

**Herbert A. BRINKLEY, Parent and Natural Guardian of David J. Brinkley, a minor, Appellant,**

**v.**

**Jeffrey Ray PEALER, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1984.

Filed April 12, 1985.

Thomas E. Brenner, Harrisburg, for appellant.

Scott A. Fleischauer, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

David J. Brinkley, a minor, was driving a Volkswagen station wagon owned by his father, Herbert A. Brinkley, when he was involved in a collision with a truck being operated negligently by Jeffrey Ray Pealer. Herbert A. Brinkley, parent and natural guardian for his son, filed a complaint against Pealer to recover damages to his vehicle, medical bills incurred because of his son's injuries in the amount of $500, and damages for his son's pain and suffering. It was alleged that the vehicle being driven by Pealer had been an unsecured vehicle owned by Robert N. Butt.[1] The defendant, Pealer, filed preliminary objections in the nature of a demurrer on grounds that the action was barred by the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act.[2] The trial court sustained the preliminary objections and dismissed the complaint. Brinkley appealed. We affirm in part and reverse in part.

Section 301(a) of the No-fault Motor Vehicle Insurance Act, *supra*, 40 P.S. § 1009.301(a), provides as follows:

(a) **Partial abolition.**—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

(1) An owner of a motor vehicle involved in an accident remains liable if, at the time of the accident, the vehicle was not a secured vehicle.

(2) A person in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining

---

**1.** Although not alleged in the complaint, we are told by the parties that the truck was stolen.

**2.** Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

motor vehicles remains liable for injury arising out of a defect in such motor vehicle which is caused or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

(3) An individual remains liable for intentionally injuring himself or another individual.

(4) A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c) or (d) of this act. A person is not liable for loss which is not compensated because of limitations in accordance with subsection (e) of section 202 of this act.

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or

(C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or

(D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe.

(6) A person remains liable for injury arising out of a motorcycle accident to the extent that such injury is not covered by basic loss benefits payable under this act, as described in section 103.

■ A tort claim for property damage is not barred by Section 301(a) of the No-fault Motor Vehicle Insurance Act. *Fitzpatrick v. Branoff,* 504 Pa. 169, 172, 470 A.2d 521, 523 (1983). Therefore, it was error to sustain preliminary objections in the nature of a demurrer to the second count of the complaint which contained a claim for damages caused to the Brinkley vehicle.

The complaint has failed, however, to state a legally cognizable cause of action for personal injuries. The medical expenses for appellant's son were only $500, and appellant has not alleged that his son's injuries or scarring were serious. He relies rather upon Section 301(a)(1) which provides that "an owner of a motor vehicle involved in an accident remains liable if, at the time of the accident, the vehicle was not a secured vehicle." The issue for our determination, therefore, is whether the legislature's preservation of a common law tort action against an *owner* of an unsecured vehicle was intended to include the right to bring an action against the *operator* of an unsecured vehicle.

■ The words and phrases used in any legislation are to be construed according to their common meaning and accepted usage. *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.,* 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). In construing the provisions of the No-fault Act, we should not disregard the clear and unambiguous language of the Act on the pretext that a literal interpretation will frustrate its spirit. *Platts v. Government Employees Insurance Co.,* 301 Pa.Super. 379, 381 n. 2, 447 A.2d 1017, 1018 n. 2 (1982). The Act specifically defines an "owner" to mean "an individual ... that owns or has title to a motor vehicle or is entitled to the use and possession of a motor vehicle subject to a security interest

held by another." Act of July 19, 1974, *supra,* art. I, § 103, 40 P.S. § 1009.103. It seems clear that Pealer does not come within the parameters of this definition of "owner."

■ The same issue was considered and discussed by David Shrager in his work entitled *The Pennsylvania No-fault Motor Vehicle Insurance Act.* He concluded as follows:

> This paragraph retains tort liability only for the owner of the unsecured vehicle. Since, under the provisions for security covering the vehicle, only the owner is required to furnish such security, the *driver* of an unsecured vehicle who is not the owner is not liable in tort under the tort action retained by this paragraph. . . . Thus, an accident victim in such circumstances will rely upon uninsured motorist coverage, which continues to be mandatory, and will in most instances be available under his own insurance policy.

D. Shrager, *The Pennsylvania No-fault Motor Vehicle Insurance Act* § 2:5.1, at 191 (1979) (emphasis in original).

Appellant argues that if appellee was the thief and had control of the truck on the day of the accident, he was the "de facto" owner because he was holding it out as his own vehicle. As a "de facto owner," appellant contends, Pealer should have purchased insurance coverage for the truck. Although appellant's argument equating theft with ownership is ingenious, we must reject it. Not only would it require that we rewrite the legislative definition of "owner," but it would be entirely impractical to interpret the statute to require a thief to obtain insurance coverage for a stolen vehicle. The no-fault statute, moreover, made provision for an innocent victim of a collision involving a stolen vehicle. If the innocent, injured party is uninsured and no security is applicable to any vehicle involved in the accident, then his basic no-fault benefits will be provided by "the applicable assigned claims plan." Act of July 19, 1974, *supra,* § 204(a), 40 P.S. § 1009.204(a).

■ Appellant also asserts reliance upon Section 208(a)(1) of the Act, which provides in part:

Except as provided for assigned claims, a converter of a motor vehicle is ineligible to receive no-fault benefits ... from any source other than a contract of insurance under which he is an insured, for any injury arising out of the maintenance or use of the converted vehicle.

40 P.S. § 1009.208(a)(1). This section, however, is clearly inapplicable. It provides merely that a converter of a motor vehicle becomes partially ineligible to make a claim for no-fault benefits. The section provides no assistance in construing the section of the statute which abolishes common law tort actions for personal injuries.

■ Next, appellant directs us to Section 501, which provides:

The *obligor* obligated to pay basic loss benefits for accidental bodily injury *to a person occupying a motor vehicle, the owner of which is uninsured* pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, shall be entitled to recover all the benefits paid and appropriate loss or adjustment costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license.

40 P.S. § 1009.501 (emphasis added). This provision is also not applicable to the facts of the case *sub judice.* It gives *an insurer* a right of indemnification against the *owner* of an unsecured vehicle when the insurer has been required to pay basic loss benefits to an occupant of the *derelict owner's* vehicle or to a spouse or relative residing in the household of that owner. Appellant in this case is not an obligor under the Act. Therefore, he has no standing to invoke Section 501. The defendant, moreover, is not the owner of the uninsured motor vehicle. Finally, the party injured was not an occupant of the motor vehicle of an uninsured owner. The injured person was driving his father's vehicle, which was an insured vehicle. For all these reasons, therefore, Section 501 has no application to this case.

440

■ We are told that in reality this action is controlled by appellant's insurance carrier, which provided uninsured motorist coverage and is now subrogated to the rights of its insured. It is argued that when an insurer has been required to pay its insured's claim for uninsured motorist benefits, it is then entitled to recompense, through subrogation, from the motorist who tortiously caused the injuries. It is axiomatic, however, that the rights of the subrogee can rise no higher than the rights of the subrogor. 35 P.L.E. *Subrogation* § 6 (1961). A subrogee is, generally speaking, placed in the precise position of the one to whose rights he has been subrogated. *Fell v. Johnston,* 154 Pa.Super. 470, 474, 36 A.2d 227, 229 (1944). Therefore, a subrogee cannot recover damages unless his subrogor has a legally cognizable cause of action against the third party. *Commonwealth ex rel. Willow Highlands Co. v. Maryland Casualty Co.,* 369 Pa. 300, 306, 85 A.2d 83, 87 (1952). Because appellant in this case has no common law tort action for personal injuries against appellee, it follows that his subrogee, similarly, cannot maintain such an action.

The order dismissing the first count of appellant's complaint is affirmed. The order dismissing the second count of the complaint is reversed, and the cause of action therein stated is remanded for further proceedings. Jurisdiction is not retained.