498 A.2d 977

Richard A. MAGINLEY, Sr. and Helen E. Maginley, his wife

v.

ROBERT J. ELLIOTT, INC. and Frederick Poultney.

**Appeal of ROADWAY EXPRESS.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed Sept. 27, 1985.

David W. Knauer, Stroudsburg, for appellant.

Ronald J. Mishkin, Stroudsburg, for Maginley, appellees.

Paul A. Barrett, Scranton, for Elliott, Inc., appellees.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Monroe County denying Roadway Express' petition to intervene. We remand.

The facts reveal that Roadway Express' employee, Richard A. Maginley, sustained injuries when the vehicle he was operating collided with a vehicle driven by Frederick Poultney. As a result of the accident, Maginley received $20,000 in workmen's compensation.

Despite the workmen's compensation payment, on July 15, 1982, almost fifteen months after the accident, Maginley and his wife brought suit against Poultney and his employer, Robert J. Elliott, Inc., to recover for the damages he incurred. On May 23, 1983, Roadway Express petitioned to intervene in this third-party litigation. However, the trial court denied the requested intervention on the grounds that: 1) Roadway Express had no right of subrogation; 2) the petition was filed two weeks prior to the third-party cause of action being listed for trial; and 3) intervention would jeopardize a resolution of the third-party suit. This appeal followed.

Initially, we treat the appealability of the order in question, for "it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction." *Marcus v. Diulus*, 242 Pa.Super. 151, 157, 363 A.2d 1205, 1208 (1976) (Citation omitted).

Albeit, in general, an appeal from an order refusing a petition to intervene is considered interlocutory, our courts have recognized that in those instances where the practical consequence of the order is to deny the petitioner relief to which he is entitled and which he can secure in no other way, the order has been held to be appealable. *Boise Cascade Corp. v. East Stroudsburg Savings Association*, 300 Pa.Super. 279, 446 A.2d 614 (1982).

At bar, this translates into an observation that since the Workmen's Compensation Act (77 P.S. § 671) entitles an employer to "be subrogated to the right of the employe" to

the extent of compensation it paid as a result of an injury caused by a third-party, the employer's failure to act timely in bringing a separate cause of action against the third-party will result in its inability to recoup monies paid to his employee for a compensable injury sustained at the hands of the third-party. In other words, unless Roadway Express' petition to intervene is granted, any separate suit against the third-party tortfeasor would be barred by the two-year statute of limitations covering personal injuries. 42 Pa.C.S.A. § 5524(2).

Therefore, given the facts here, the practical effect of the order denying intervention is to preclude the employer from securing relief to which it is entitled and which it cannot otherwise obtain. Accordingly, we hold the order to be appealable.

■■■ However, on the present record, we are unable to determine whether the trial court abused its discretion in denying Roadway Express' petition to intervene under the auspices of Pa.R.Civ.P. 2329. Thus, we need to remand. *See Johnson v. Keystone Ins. Co.,* 299 Pa.Super. 187, 445 A.2d 517 (1982).

Although the trial court's denial of Roadway Express' petition to intervene is subject to being interpreted as "bottomed" on case law that subsequently was overruled (see discussion *infra* ), we still have the power to affirm the denial on grounds other than those relied upon by the trial court. *See McDevitt v. Terminal Warehouse Co.,* 304 Pa.Super. 438, 455 n. 7, 450 A.2d 991, 1000 n. 7 (1982). For instance, Roadway Express claims to have "justifiably believed" that its subrogation interest would be honored by the third-party tortfeasor. Yet, we are presented with no insight as to what such a "belief" was "bottomed upon". Even though a hearing on the petition to intervene was held, the record of what happened there, if transcribed, was not forwarded to this Court. Therefore, we believe we should remand for the securement of such testimony to determine what, if anything, occurred at that proceeding. And, if a review of the record reveals that Roadway Ex-

press proffered no justification for its delay in acting, it would be held to have waived such a claim. *See Zubris v. Pennsylvania Assigned Claims Plan,* 321 Pa.Super. 83, 467 A.2d 1139 (1983) (Concurring Opinion by POPOVICH, J.).

Further, we hasten to mention that nowhere is it written that "a valid right of subrogation" cannot be refused when presented in the form of an "intervention petition", regardless of the intervenor's *unexplained* delay in not acting sooner. Ergo, Roadway Express' unsubstantiated assertion of how it was led to believe its subrogation claim would be honored runs head-on into the *undue delay* criterion warranting the denial of its intervention petition. The trial court stated as much in its opinion to us, which, interestly enough upon examination, renders questionable the view espoused by some that the trial court's ruling was *predicated* upon subsequently overruled case law; to-wit:

It is true that *Vespaziani v. Insana*,[1] [293 Pa.Super. 117, 437 A.2d 1234 (1981) ], is presently on appeal. That does not affect our obligation to defer completely to the pronouncement of the Superior Court. Furthermore, the status of that appeal in no way affects the validity of *Brunelli v. Farelly Bros.,* [266 Pa.Super. 23, 402 A.2d 1058 (1979) ].

*Even if these cases' reasonings were to be rejected, Petitioner still would not be entitled to intervene in the case at bar, due to its inexcusable delay in filing its petition to intervene.* It did not file the petition until May 24, 1983, only two weeks before trial.

(Trial Court Opinion at 9–10) (Emphasis added)

The point we wish to make is that a *right to seek intervention* is not the equivalent of a *right to intervene.* The former is provided for in the Rules of Civil Procedure, while the latter is regulated by a review of the facts under an abuse of discretion standard and is not to be granted *pro forma* merely because of one's filing of a petition to inter-

1.  Reversed at 501 Pa. 612, 462 A.2d 669 (1983).

vene. Toward that end, we would direct that the hearing conducted to assess Roadway Express' petition to intervene be transcribed and forwarded to this Court so that we can make a jurisprudentially sound decision regarding the trial court's actions. *See* Pa.R.App.P. 1926 (" * * * If anything material to either party is omitted from the record ... the appellate court of its own initiative [ ] may direct that the omission ... be corrected, and if necessary that a supplemental record be certified and transmitted."); *see also Commonwealth v. Rivera*, 339 Pa.Super. 242, 488 A.2d 642 (1985) (en banc).

We hereby remand for completion of the record. Jurisdiction is retained.

WIEAND, J., files a concurring and dissenting opinion.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

While I concur in the result reached by my colleague, Judge Popovich, in remanding this matter to the trial court for the completion of the record, I am not prepared to join that portion of the analysis expressed in both the majority and dissenting opinions which seem to limit the employer's right of recovery to a claim against a third-party tortfeasor.

First, had the employee recovered sums in a settlement which represented subrogatable compensation payments, the employer would not be barred from filing a claim against the employee to recoup its subrogation.

In addition, while the employer in this case has made averments that it "justifiably believed" that its subrogation interests would be honored by the third party, we have no record to substantiate the averment. It could very well be that the third party, through its actions, may have waived the defense of statute of limitations. Therefore, it is not clear to me on this record whether the denial of the employer's petition to intervene is in fact a final order which would bar ultimate recovery or whether the employer may be free

to attempt to recover its subrogated interests either from the employee or from the third party.

In my view, the problems presented in this case have been occasioned by the amendments to the Worker's Compensation Act which still allow an employer a subrogated right against third party recovery but prevents the employer from being joined in the litigation in order to have the employer's percentage of negligence determined.

WIEAND, Judge, concurring and dissenting:

The issue in this appeal is whether an employer may intervene in an employee's third party action to preserve a subrogation claim for workmen's compensation paid to the employee. The trial court refused to permit intervention (1) because it determined that the employer's right of subrogation had been abrogated by the Pennsylvania No-fault Motor Vehicle Insurance Act [1], (2) because intervention would have jeopardized settlement of the action between the employee and third party wrongdoer and (3) because the employer waited too long before moving to intervene. I agree with the majority that the first two reasons given by the trial court were erroneous. In my judgment the third reason was also inadequate. Therefore, I would reverse and remand to allow such intervention.

Richard A. Maginley, an employee of Roadway Express, Inc., was injured when the truck which he was driving came into collision with a vehicle being operated by Frederick Poultney on Interstate Route 80 in Monroe County on March 26, 1981. Maginley was paid workmen's compensation in the amount of $20,000.00 (Trial court opinion at 3). On July 15, 1982, Maginley and his wife brought a third party action against Poultney and his employer, Robert J. Elliott, Inc., to recover damages for the injuries which Maginley had sustained. On May 23, 1983, Roadway Express petitioned to intervene in the third party action. The

---

**1.** Act of July 19, 1974, P.L. 489, *as amended,* 40 P.S. § 1009.101 et seq., repealed by Act of February 12, 1984, P.L. 26, § 8(a) (effective October 1, 1984).

trial court denied the petition for the reasons already recited. This appeal followed. The trial court also denied a request for a stay. Therefore, the third party action was settled and discontinued without payment to Roadway Express for workmen's compensation benefits previously paid to its employee.

As a general rule, an appeal will not lie from an order denying intervention, because such an order is not final. However, in some cases a denial of a petition to intervene will be a practical denial of relief to which the intervenor is entitled and which he can obtain in no other way. In such cases, the order denying intervention is a final order as to the petitioner. Such an order is appealable. *Boise Cascade Corp. v. East Stroudsburg Savings Association*, 300 Pa. Super. 279, 281, 446 A.2d 614, 615 (1982), quoting *Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912). See also: *M. London, Inc. v. Fedders Corp.*, 306 Pa.Super. 103, 106, 452 A.2d 236, 237 (1982); *Inryco Inc. v. Helmark Steel Inc.*, 305 Pa.Super. 239, 243, 451 A.2d 511, 513 (1982). In order to determine the appealability of an order denying intervention, therefore, we must examine the ramifications of the order to determine whether it constitutes "a practical denial of relief to which the petitioner for intervention is entitled." *Boise Cascade Corp. v. East Stroudsburg Savings Association, supra*, 300 Pa.Super. at 282, 446 A.2d at 615.

Section 319 of the Workmen's Compensation Act [2] provides that "the employer shall be subrogated to the right of the employee" to the extent of compensation paid where a compensable injury has been caused by the act or omission of a third party. In *Smith v. Yellow Cab Co.*, 288 Pa. 85, 135 A. 858 (1927), the Supreme Court said that the statute gave the employer a right to maintain a separate action against the third party wrongdoer and that a third party settlement with the employee would not bar a claim by the employer against a third party wrongdoer who had settled with knowledge of the employer's subrogation rights. With

2. Act of June 2, 1915, P.L. 736, § 319, *as amended,* 77 P.S. § 671.

respect to the employer's possible intervention in an employee's third party action, the Court said:

"While the course suggested [intervention] would have been a proper one, and might well have been pursued, we find nothing in the statute which compels it, and hence hold that the explicit written notice to defendant, which admittedly was received, was sufficient ... to preserve the employer's right."

*Id.*, 288 Pa. at 90–91, 135 A. at 860. See also: *Broderick v. Great Lakes Casualty Co.*, 152 Pa.Super. 449, 450, 33 A.2d 653, 653 (1943).

When a subrogated employer seeks to recover from the third party tortfeasor, however, his rights can rise no higher than those of his employee. See: *Brinkley v. Pealer*, 341 Pa.Super. 432, 440, 491 A.2d 894, 898 (1985). Therefore, the employer's claim is subject to the same defenses available against the employee, and the pertinent statute of limitations is that which is applicable to the employee's cause of action against the third party tortfeasor. *Reliance Insurance Co. v. Richmond Machine Co.*, 309 Pa.Super. 430, 438, 455 A.2d 686, 690 (1983). Thus, if an employer commences a separate action to recover his subrogated claim after the time allowed for an action against the third party tortfeasor, the employer's claim will be barred just as his employee's claim would have been barred had he waited too long to file suit. See: *Moltz v. Sherwood Brothers, Inc.*, 116 Pa.Super. 231, 235, 176 A. 842, 844 (1935).

The accident in the instant case occurred on March 26, 1981. The petition for intervention was filed on May 23, 1983, after the employee and the third party had refused to recognize the employer's claim. This was more than two years after the accident. The employer, in the meantime, had not filed a separate action against the third party because it believed that its subrogation claim would be honored. The likelihood is, therefore, that if intervention in the instant action is disallowed, a separate action by the employer will be barred by the two year statute of limita-

tions applicable to personal injury claims.[3] Under these circumstances, it would appear that the order denying intervention will have the practical effect of denying relief to which the employer is entitled and which it cannot obtain in any other way. The order, therefore, is appealable.

Rule 2327 of the Pennsylvania Rules of Civil Procedure provides, in part, as follows:

> *At any time during the pendency of an action,* a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> .  .  .  .  .
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

(Emphasis added). A subrogee is generally entitled to intervene under the provisions of this rule. 8 Goodrich-Amram § 2327:6 (1977). See: *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 355, 180 A.2d 414, 421 (1962); *Philadelphia v. Philadelphia Rapid Transit Co.*, 337 Pa. 1, 10 A.2d 434 (1940). An employer may protect his subrogation interest either by bringing suit in the name of his employee against a third party tortfeasor, or he may join as co-plaintiff in an action with the employee or intervene in an action brought by the employee. *Scalise v. F.M. Venzie, Inc.*, 301 Pa. 315, 320, 152 A. 90, 92 (1930); 6 Goodrich-Amram § 2002(a):12.1 (1977). Under existing law, therefore, it seems clear that appellant was entitled to intervene.

In denying appellant's petition to intervene, the trial court relied upon a decision by this Court in *Vespaziani v. Insana*, 293 Pa.Super. 117, 437 A.2d 1234 (1981) (reargument denied January 4, 1982), which held that a workmen's compensation carrier could not intervene in an employee's

---

**3.** We are advised that after the parties refused to recognize the employer's subrogation claim, a separate action was commenced by the employer against the third party. In that action an answer was filed raising the bar of the two year statute of limitations.

third party action because the No-fault Motor Vehicle Insurance Act had abolished the right of the workmen's compensation carrier to share in the third party recovery. Subsequent to the trial court's decision in the instant case, however, the Supreme Court reversed the decision of the Superior Court. In *Vespaziani v. Insana,* 501 Pa. 612, 462 A.2d 669 (1983), the Supreme Court held that "[b]eyond the workmen's compensation carrier's contribution toward the first $15,000.00 of compensation, the subrogation claim for recovery of benefits payable has not been affected by the No-Fault Act." *Id.,* 501 Pa. at 620, 462 A.2d at 673. In the instant case, therefore, the trial court's decision to deny intervention on grounds that appellant's right of subrogation had been abolished by the No-fault Motor Vehicle Insurance Act was erroneous.

Having concluded, erroneously, that the employer's right of subrogation had been abolished, the court determined by a natural progression of reasoning that to allow intervention would impair settlement negotiations then underway between the employee and the third party tortfeasors. To allow intervention, the court said, would have "ruined" all chances of settlement. The negotiations, therefore, were allowed to proceed, with the trial court's blessing, upon the erroneous premise that Roadway would not be allowed to participate in the recovery effected by its employee. This, as we have seen, was error.

Pa.R.C.P. 2329(3) grants discretion to a trial court to refuse intervention, if "the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." It has been said that "[w]hether an application for intervention is timely is a question 'singularly within the periphery of the trial judge's discretionary domain.'" *Jackson v. Hendrick,* 498 Pa. 270, 275, 446 A.2d 226, 228 (1982), quoting *Templeton Appeal,* 399 Pa. 10, 17, 159 A.2d 725, 730 (1960). See also: *Lewis v. Pine Township,* 27 Pa.Cmwlth. 574, 579, 367 A.2d 742, 745 (1976). As a general rule, the trial court's order will not be

disturbed in the absence of a manifest abuse of discretion. *M. London, Inc. v. Fedders Corp., supra,* 306 Pa.Super. at 106, 452 A.2d at 237; *Taub v. Merriam,* 251 Pa.Super. 572, 578, 380 A.2d 1245, 1248 (1977). However, *a court will be permitted to find undue delay sufficient to bar intervention only if the delay is unexplained and would prejudice the other party so that it would be an injustice to permit intervention at the time application therefor is made. Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 331–332, 159 A.2d 692, 696 (1960); 8 Goodrich-Amram 2d § 2329:4 (1977).

In the instant case, the petition to intervene was filed approximately two weeks before trial and over ten months after the suit had been commenced by Maginley. Appellant explains that this delay was caused by its justifiable belief that the defendant, Robert J. Elliott, Inc., intended to honor appellant's subrogation claim. It was not until May, 1983, after the statute of limitations had expired, that the defendant advised appellant that it had decided to refuse to honor appellant's lien and subrogation claim. Within less than a week thereafter appellant petitioned to intervene in the employee's action.

Before a petition to intervene may be allowed or denied, a hearing must be held. Pa.R.C.P. 2329. At that hearing, a petitioner may establish factually his right to intervene under Pa.R.C.P. 2327. *Hayes v. School District of Pittsburgh,* 33 Pa.Cmwlth. 71, 74–75, 381 A.2d 193, 194–195 (1977). It is only after hearing that the trial court can properly exercise its discretion to disallow the petition. *Id.,* 33 Pa.Cmwlth. at 75, 381 A.2d at 195. Although a hearing was in fact held in the instant case, no record thereof was made. Therefore, we cannot review the evidence presented.

Nevertheless, it seems clear from the record before us that appellant should have been permitted to intervene and that it was an abuse of discretion to hold otherwise. Clearly, the requested intervention in this case would not have delayed trial or prejudiced the rights of the parties in any way. Intervention would not have delayed trial because appellant did not wish to participate independently in the

trial. Appellant represented to the court, as the parties agree, that it would rely upon the evidence which the employee was prepared to present and would not participate actively in the trial. Its only reason for intervening was to protect the subrogation interest which the employee and the third party had refused to honor. Intervention would not have altered the presentation of evidence, the length of the trial, or the defenses which the third party intended to present. Intervention would have placed the parties in precisely the same position in which they would have been had appellant intervened earlier. There was absolutely no basis, therefore, on which to find that the parties would have been prejudiced by appellant's delay in seeking to intervene.

For these reasons, I am forced to conclude that the trial court's refusal to allow intervention in this case was an abuse of discretion. At bottom was the trial court's erroneous belief that the subrogation rights of the employer had been abolished by the Pennsylvania No-fault Motor Vehicle Insurance Act. The court concluded, therefore, that there was no good reason for allowing the employer to intervene. This was particularly so, reasoned the court, where it would impair and probably prevent amicable settlement of the employee's third party action which was then awaiting trial. When the trial court refused appellant's intervention petition, however, it effectively prevented appellant from enforcing a claim which we now know was valid.[4] See: *Vespaziani v. Insana, supra.* The trial court's order required appellant to assert its right of subrogation in a separate action, where it will be susceptible to a defense of the statute of limitations. Although Pa.R.C.P. 2329 has vested discretion in the trial court to refuse intervention which would unduly delay or prejudice the trial of an action, the rule was not intended to permit a court to refuse intervention in order to defeat a valid subrogation interest.

4. The ultimate validity of appellant's claim, of course, depends upon the ability of appellant or its employee to prove that the third party was legally responsible for Maginley's injuries. See: *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 108, 465 A.2d 609, 613 (1983).

I would remand, therefore, with instructions to allow appellant to intervene in order to pursue its right of subrogation.