J-S06003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEROME WHACK AND CHRISTIAN STREET PHARMACY, INC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA DEPARTMENT OF LICENSES AND INSPECTIONS AND 1935 CHRISTIAN STREET OCF, LLC | : | No. 1361 EDA 2021 |

Appeal from the Order Entered June 28, 2021,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 200701335.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED FEBRUARY 7, 2022**

Jerome Whack and Christian Street Pharmacy, Inc. (collectively "the Pharmacy"), appeal from a June 28, 2021 Order finding their conduct to be contemptuous. Preliminarily, this Court issued a Rule to Show Cause questioning our jurisdiction. The Pharmacy conceded that the order under review "was an interlocutory order and that the appeal was prematurely filed." Pharmacy's Brief at 7. Accordingly, we quash.[1]

_____

[1] Because the Pharmacy also sued the City of Philadelphia, subject-matter jurisdiction over this appeal rests in the Commonwealth Court of Pennsylvania. **See** 42 Pa.C.S.A. § 762(a)(4)(i). However, Appellee 1935 Christian Street OCF, LLC failed to object to our jurisdiction on these grounds, the City has not yet participated in the case, and we do not reach the merits. Thus, we see no reason to transfer the case to Commonwealth Court at this time. **See** Pa.C.S.A. § 704(a).

This Court may raise the question of appellate jurisdiction *sua sponte*. *See*, *e.g.*, **M. London, Inc. v. Fedders Corp.**, 452 A.2d 236, 237 (Pa. Super. 1982). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Commonwealth v. Seiders**, 11 A.3d 495, 496–97 (Pa. Super. 2010).

We do "not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order." **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa. Super. 2006). "For a contempt order to be properly appealable, it is . . . necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect." **Foulk v. Foulk**, 789 A.2d 254, 258 (Pa. Sper. 2001) (*en banc*).

Here, the June 28th Order imposed no sanctions. Thus, under **Foulk**, it was an interlocutory, non-appealable order.

Even so, the Pharmacy contends its "appeal from the interlocutory order . . . should be considered perfected." Pharmacy's Response to Rule to Show Cause at 4. It argues the June 28th Order became appealable, because, after the filing of this appeal, the trial court entered a second order of contempt on July 8, 2021 that imposed sanctions. To support its theory that the July 8th Order perfects our jurisdiction over the June 28th Order, the Pharmacy cites **Sobien v. Mullin**, 783 A.2d 795, 797 n.1 (Pa. Super. 2001).

There, this Court noted the appellant prematurely appealed from an order denying post-trial relief. We stated, "if a party prematurely files a notice of appeal from an interlocutory order, the appeal is perfected once a final,

appealable order is entered." ***Id.***, 783 A.2d at 797 n.1. Because judgment was subsequently entered, we treated the notice of appeal as if the appellant had originally appealed from the judgment under Pennsylvania Rule of Appellate Procedure 905(a)(5). That Rule dictates that "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5).

Unlike the procedural posture in ***Sobien***, here, the July 8th Order was not the ministerial act of a prothonotary entering a final judgment to memorialize the court's prior determination that post-trial relief should be denied. Instead, the July 8th Order was a new determination by the trial court that the Pharmacy's conduct following the June 28th Order continued to be contemptuous and that the subsequent conduct required sanctions.

As such, we may not treat the Pharmacy's notice of appeal from the June 28th Order as if it were "filed after the announcement of a determination but before the entry of an appealable order . . ." Pa.R.A.P. 905(a)(5). Unlike a final judgment entered after the denial of post-trial relief, the July 8th Order was a new adjudication of continuing contempt and the appropriate sanctions for that ongoing misconduct. Hence, the July 8th Order was not a ministerial recording of the June 28th determination, and reliance upon ***Sobien*** is inapt.

Following the trial court's new determination of contempt and imposition of sanctions on July 8th, the Pharmacy could have filed a new notice of appeal

from that appealable order.  Its failure to do so does not render the premature appeal from the June 28th Order timely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2022