457 A.2d 527

**Marlin E. WIEST, Appellant,**

v.

**EAZOR EXPRESS, INC., Merchants Mutual Insurance Company and Erie Insurance Exchange.**

**Marlin E. WIEST**

v.

**EAZOR EXPRESS, INC., Merchants Mutual Insurance Company and Erie Insurance Company.**

**Appeal of EAZOR EXPRESS, INC., & Merchants Mutual Insurance Company.**

Superior Court of Pennsylvania.

Argued May 11, 1982.

Filed Feb. 25, 1983.

Petition for Allowance of Appeal Denied Aug. 19, 1983.

F. Shipman, Harrisburg, for Wiest, appellant (at No. 129) and appellee (at No. 136).

Jered Larue Hock, Harrisburg, for Eazor Express, Inc., appellant (at No. 136) and appellee (at No. 129).

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant, Marlin E. Wiest, was operating a tractor-trailer on the Indiana Toll Road in St. Joseph's County, Indiana, on March 1, 1976. At that time he was employed by Eazor Express, Inc., one of the appellees herein. The appellant was involved in an accident with another tractor-trailer

owned by Cedar Rapids Steel Transport, referred to hereinafter as CRST. As a result of the accident the appellant was seriously injured. He negotiated a settlement with CRST and from this fund the appellees sought to recover by way of subrogation the amounts paid to the appellant by appellees under the Workmen's Compensation Act.

The appellant filed a petition for declaratory judgment naming Eazor Express, Inc., Merchants Mutual Insurance Company, Inc., Mutual Insurance Company and Erie Insurance Exchange as respondents. The petition requested the court below to interpret the Pennsylvania No-Fault Motor Act as follows:

(1) That the Act is applicable to the subject accident and Petitioner is entitled to Basic Loss Benefits;

(2) That security for the payment of Basic Loss Benefits is the insurance coverage on the vehicle operated by Petitioner, which insurance coverage was with Eazor and Merchants; in the alternative, if it is determined that the insurance coverage on the vehicle is not the security for the payment of Basic Loss Benefits, then the security was the insurance policy issued to Petitioner by Erie under which Petitioner was insured; and

(3) That Eazor and Merchants have no rights of subrogation against proceeds from a settlement effectuated between Petitioner and the insurance carrier for CRST.

The court below denied the petition and our appeal is limited to Paragraph (3) of the petition set forth above since the appellant has been paid in full all of the basic loss benefits he is entitled to and has agreed that the issues raised in Paragraphs (1) and (2) above are moot.

The primary issue raised on appeal is whether Eazor Express, Inc. and Merchants Mutual Insurance Company have subrogation rights in the settlement between appellant and CRST to the extent that the appellees had paid workmen's compensation benefits to the appellant.[1] At the time

1. Appellant also states as an issue: "Is the subject petition barred by the applicable statute of limitations?" Presumably this refers to the petition as far as the appellant's claim for no-fault benefits which

of the accident, which occurred in Indiana, the appellant was a resident of Pennsylvania and was an employee of Eazor Express. The appellant was the owner-operator of the tractor trailer involved in the accident. After the accident, the appellant entered into negotiations with the insurance carrier for CRST and it was agreed that a portion of the proposed settlement between the appellant and CRST which represented Eazor's and Merchants' claim for subrogation would be placed in escrow pending a determination of the issue.

The appellant has been paid workmen's compensation benefits by Eazor's carrier Merchants Mutual Insurance Company and he contends that the appellees are not entitled to subrogation of any of the amounts paid or to be paid to him by CRST. The court below found that Eazor and Merchants Mutual Insurance Company have subrogation rights in the settlement between appellant and CRST for the amounts paid as workmen's compensation benefits paid to the appellant and we agree.

■ If the accident in the instant case had occurred in Pennsylvania neither the appellant nor appellees as subrogees would have had a cause of action against CRST for the amounts paid as workmen's compensation as the workmen's compensation benefits are not in excess of basic loss benefits. Appellant concedes that since the accident he has been receiving "basic loss benefits" in the form of workmen's compensation benefits. As pointed out in *Brunelli v. Farelly Brothers*, 266 Pa.Super. 23, 28, 402 A.2d 1058, 1061 (1979):

> Since No-fault has abolished the tort liability of a tortfeasor involved in an automobile accident except for

claim has been abandoned. In the part of his brief dealing with the statute of limitations issue the appellant states:

> It is suggested, however, that this issue is now moot since Appellant has received, by way of workmen's compensation benefits, all "basic loss benefits" to which he would be entitled.

> We also respectfully suggest that the major issue for resolution, subrogation rights of Appellees Eazor and Merchants, is not controlled by a limitation period.

amounts in excess of "basic loss benefits", and since workmen's compensation benefits are not amounts in excess of "basic loss benefits" (as determined earlier in this opinion), neither the employee-victim nor the workmen's compensation insurer, his would-be subrogee, has a cause of action against the third party tortfeasor for the sum paid or payable to the employee as workmen's compensation benefits.[6]

■ However the accident did not occur in Pennsylvania. The Act clearly distinguishes the rights to benefits based on whether an accident occurs within or without the state.[2] The Act also provides that tort liability against third party tortfeasors is partially abolished as to accidents occurring within the state and reads at 40 P.S. § 1009.301(a) as follows:

§ 1009.301  Tort liability

(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle,
. . .

*Lyngarkos v. Commonwealth*, 57 Pa.Commw. 121, 426 A.2d 1195, 1198 (1981) states:

While it is true that the No-fault Act has partially abolished tort liability for motor vehicle injuries, this abolition applies only to injuries that take place in the Commonwealth.  Section 301(a) of the No-fault Act, 40 P.S. § 1009.301(a).

**2.** The Pennsylvania No-Fault Motor Vehicle Act states at 40 P.S. § 1009.201:
§ 1009.201  Right to basic loss benefits; limitation on benefits
(a) Accident within this State.—If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act.
(b) Accident outside this State.—If the accident resulting in injury occurs outside of this Commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:
(1) an insured; or
(2) the driver or other occupant of a secured vehicle.

Since the appellant was not barred from pursuing his claim based on tort liability, and in fact reached a settlement with CRTS, we must decide if his employer and its insurance carrier, are entitled to subrogation. The Pennsylvania Workmen's Compensation Act provides in 77 P.S. § 671:

"[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer ...."

▮ It is basic that if an employer's liability is occasioned by the fault of a third person, the employer may pursue its subrogation rights under the Workmen's Compensation Act. *See Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa.Cmwlth. 465, 423 A.2d 792 (1980). Since appellant has recovered from CRST an amount which included payments made to it or to be made by the appellees under the Workmen's Compensation Act it is clear that his employer or, its carrier, would be entitled to subrogation to these payments unless barred by the No-Fault Act. Appellant's claim against CRST was based on its tort liability and appellant's settlement with CRST would not have been possible had the accident occurred in Pennsylvania as there would have been liability in tort only for the amounts in excess of basic loss benefits and workmen's compensation payments are included within basic loss benefits.[3]

Appellant contends that "Under *Brunelli, supra,* a workmen's compensation carrier has no rights of subrogation for payments made to an employee injured while operating a

---

**3.** *Brunelli v. Farelly Brothers,* 266 Pa.Super. 23, 25, 402 A.2d 1058, 1059 (1979) states:

Although the No-fault statute does not specifically prohibit subrogation by a workmen's compensation insurer, a careful analysis of that convoluted, ungrammatical statute leads us to the conclusion that the *workmen's compensation insurer is not subrogated, at least under the facts of the case before us, to any recovery by the injured employee.* (Emphasis added).

motor vehicle while in his employment." This contention is without merit as *Brunelli* dealt with an accident occurring in Pennsylvania and tort liability has been partially abolished for accidents occurring in this state except for amounts in excess of "basic loss benefits". Appellant also relies on *Vespaziani v. Insana,* 293 Pa.Super. 117, 437 A.2d 1234 (1981) and *Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 436 A.2d 698 (1981) in support of his contention that rights of subrogation do not exist in this case. However, in both *Walls* and *Vespaziani* the accidents occurred in Pennsylvania. Also, *Walls, supra,* dealt with a contractual provision pertaining to subrogation in an insurance contract.[4] This issue is not involved in our case. In *Vespaziani* the injured worker received no-fault insurance and workmen's compensation benefits. The court held that the carrier that provided workmen's compensation benefits to Vespaziani could not intervene when Vespaziani brought an action in trespass against the driver and owner of the other vehicle. This court stated at 293 Pa.Super. 117, 121, 437 A.2d 1234, 1236:

> However, Vespaziani is *not* entitled to recover the workmen's compensation benefits from the driver and owner of the other vehicle. He is not because he is only entitled to recover from them an amount computed after *subtracting* those benefits. To resort to a colloquialism: Vespaziani is suing the driver and owner of the other vehicle for apples. Transport is only entitled to oranges.

In the instant case the appellant settled with CRST for apples and oranges and the appellees are entitled to receive back as many oranges as they gave the appellant.

---

4. *Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 22, 436 A.2d 698, 700 (1981) states with reference to the No-Fault Act:

> In enacting this law, the legislature intended that, in any dispute thereunder, the courts find in favor of the insured person unless legal or equitable factors at least as strong as those in favor of coverage militate against it.

However, this does not mean that where the words of the No-Fault Act are clear that we should disregard them to pursue what a litigant perceives to be the spirit of the law. See *DuBose v. McCoy,* 277 Pa.Super. 149, 419 A.2d 705 (1980).

Appellant also relies on *Toter v. Knight*, 278 Pa.Super. 547, 420 A.2d 676 (1980) (opinion by Spaeth, J. dissenting opinion by Cavanaugh, J.) in which a resident of New Jersey was injured in an automobile accident in Bucks County, Pennsylvania. This court held that the complaint stated a cause of action in Pennsylvania as the medical expenses met the threshold necessary to bring an action in tort in New Jersey although not sufficient under Pennsylvania's No-Fault Act. It was held that the right of a non resident to sue in tort in Pennsylvania for an accident occurring in Pennsylvania is dependent on his right to sue under the law of his domicile. Appellant argues that based on this opinion the right of a victim of an automobile accident to sue in tort shall be determined by the law of the state of domicile. We agree, and decide that under Pennsylvania law the appellant had a cause of action against CRST in tort for the injuries that he suffered in Indiana and the appellees are entitled to subrogation for the amounts paid to the appellant by CRST which equal the payments made by his employer's workmen's compensation carrier.

Order affirmed.