595 A.2d 1277

ALLSTATE INSURANCE COMPANY and Mrs.
Ressler's Food Products, Appellants,

v.

O'Neal McFADDEN, Appellee.

Superior Court of Pennsylvania.

Argued June 19, 1991.

Filed Aug. 28, 1991.

538

William S. Steiger, Philadelphia, for appellants.

Joanne Fishman, Philadelphia, for appellee.

Before ROWLEY, President Judge, and CAVANAUGH and WIEAND, JJ.

CAVANAUGH, Judge.

The issue in this case is whether the court below properly entered summary judgment in favor of the appellee, O'Neal McFadden, the defendant below, and against appellant, Allstate Insurance Company and Mrs. Ressler's Food Products, the plaintiffs below.

The undisputed facts were as follows. On December 29, 1987, O'Neal McFadden, an employee of Mrs. Ressler's Food Products, was involved in an automobile accident in

New Jersey, while acting within the scope of his employment. Mr. McFadden is a resident of Pennsylvania and his employer is a Pennsylvania corporation. He regularly worked in Pennsylvania but also made deliveries for his employer in New Jersey on a regular basis. As a result of the accident, Allstate Insurance Company, which was Mrs. Ressler's Food Products workmen's compensation carrier, made payments under the Workmen's Compensation Act to Mr. McFadden in the amount of $16,691.08. McFadden settled his claim for personal injuries against the owner of the other vehicle involved in the accident for an undisclosed sum.

In January, 1990, Allstate Insurance Company and Mrs. Ressler's Food Products commenced a civil action in Philadelphia County against Mr. McFadden seeking reimbursement of the workmen's compensation payments made to him.[1] After the defendant's answer and new matter were filed and the pleadings closed, the appellants filed a motion for summary judgment on the basis that the New Jersey Workmen's Compensation Act and the New Jersey Motor Vehicle Act provided for subrogation to the workmen's compensation carrier for monies recovered from a third-party tortfeasor as a result of a motor vehicle accident. The motion also alleged that New Jersey law applied as it was the state with the most significant contacts with the accident. The motion further stated: "The only issue before this court is a conflict of laws issue. It is an issue of law only and there are no genuine or material factual matters in dispute. Therefore, this matter is appropriate for summary judgment."

Subsequently, appellee filed a motion for summary judgment which was granted by the court below and the complaint was dismissed with prejudice, order by Doty, J. Allstate Insurance Company and Mrs. Ressler's Food Products have appealed to this court.

1. The complaint sought reimbursement in the amount of "$16,691.08, or the amount recovered from the third-party tortfeasor minus one-third (1/3) attorney's fees and $200.00 in costs."

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 452 A.2d 269 (1982); *Scheetz v. Borough of Lansdale,* 64 Pa.Cmwlth.Ct. 24, 438 A.2d 1048 (1982). *Hedlund Manufacturing Co. v. Weiser, Stapler & Spivak,* 517 Pa. 522 539 A.2d 357 (1988); *Gabovitz v. State Auto Insurance Association,* 362 Pa.Super. 17, 523 A.2d 403 (1987). *See also,* Pa. R.C.P. 1035. Summary judgment may be entered only in cases that are clear and free from doubt. *Dunn v. Teti,* 280 Pa.Super. 399, 421 A.2d 782 (1980); *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983). The moving party, in this case the appellee, has the burden of proving that no material issue of fact exists. *Billman v. Pennsylvania Assigned Claims Plan,* 349 Pa.Super. 448, 503 A.2d 932 (1986). A trial court's grant of summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988). Finally, in summary judgment proceedings, it is not the court's function to determine facts, but only to determine if a material issue of fact exists. *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 476 A.2d 928 (1984).

Appellants contend that the court below erred in failing to recognize the existence of genuine issues of material fact. This argument is waived as the appellants alleged in their own motion for summary judgment that there were no genuine issues of material fact in dispute.[2] In any event, we find that there was no genuine issue of fact and that the resolution of the dispute turned solely on questions of law.

2. Appellants also argued in their "Memorandum of Law in Support of Motion for Summary Judgment" that there was no material dispute as to any of the facts and therefore, the matter should be determined by means of a motion for summary judgment. Pa.R.A.P. 302(a) states that: "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See also, Tarter v. Linn,* 396 Pa.Super. 155, 578 A.2d 453 (1990).

■ The first issue to be determined is whether New Jersey or Pennsylvania law should be applied in determining the rights of appellants to subrogation. We agree with the court below that in the posture of the case before us, Pennsylvania had the most significant contacts. In the landmark case of *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964) the Supreme Court abandoned the rule in conflict of law cases that the law to be applied was that of the place where the injury occurred, *lex loci delicti*. In its place, the court adopted the rule that the law of the state having the most significant contacts with the matter in dispute should prevail.[3] The weight of a particular state's contacts must be measured on a qualitative rather than a quantitative scale. *Cipolla v. Shaposka*, 439 Pa. 563, 267 A.2d 854 (1970). It is firmly established in our jurisprudence that a less restrictive approach than that of *lex loci delicti* has been replaced by a government interest analysis and a significant relationship approach. *Giovanetti v. Johns–Manville Corp.*, 372 Pa.Super. 431, 539 A.2d 871 (1988). Under the Pennsylvania choice of law standard, the state having the most interest in the problem, and which is most intimately concerned with the outcome, is the forum whose law should apply. *Spratley v. Aetna Casualty & Surety Co.*, 704 F.Supp. 595 (E.D.Pa.1989).

Pennsylvania has a significant interest in payments under its Workmen's Compensation Law and the subrogation by Pennsylvania employers to monies paid to its employees by a third party. In addition, the injured employee in this case was a resident of Pennsylvania, he worked for a Pennsylvania corporation in Pennsylvania on a regular basis, although he also regularly worked in New Jersey. He was compen-

3. Under the *significant contact rule*, the paramount consideration is: Whether the policies of one state rather than another should be furthered in the event of conflict can only be determined within the matrix of specific litigation. What should be sought is an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.
*McSwain v. McSwain*, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966).

sated under a workmen's compensation insurance policy obtained by his employer as required by the Pennsylvania Workmen's Compensation Act, 77 Pa.S. § 1 *et seq.*

The New Jersey relationship to the case is that the motor vehicle accident occurred in that state at a time when the appellee was acting within the scope of his employment and the tortfeasor was a resident of New Jersey.

We determine the state that had the most significant relationship on the basis of the question that we must resolve, and not on the location of the accident or the residence of the tortfeasor. Our inquiry is not who was responsible for the accident but whether the appellants have a right to subrogation of the monies paid to appellee under the Workmen's Compensation Act when he has made settlement with the tortfeasor. The motor vehicle accident in New Jersey merely triggered appellee's rights to compensation under the Pennsylvania Workmen's Compensation Act, but it is not the overriding consideration before us. Pennsylvania is the state with the most significant interest in determining the right of an employer to subrogation where it has made payments to an injured employee. We therefore conclude that the law of Pennsylvania is applicable.

A case that is very analogous to our own is *Van Den Heuval v. Wallace*, 382 Pa.Super. 242, 555 A.2d 162 (1989). Mr. Van Den Heuval, a resident of Maryland, was employed by Breeding & Day, Inc., a Delaware corporation having offices in Wilmington, Delaware. He was involved in a motor vehicle accident in Chester County on October 26, 1984 while acting within the scope of his employment. Van Den Heuval was paid workmen's compensation benefits by his employer's workmen's compensation carrier, Rockwood Insurance Company. The employee commenced a tort action in Chester County and Rockwood Insurance Company petitioned to intervene to protect its right of subrogation, which it had under Delaware law. The court below denied the petition as under Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1720 there is no right

to subrogation for workmen's compensation benefits paid as a result of injuries sustained in a motor vehicle accident. We reversed, holding that Delaware law applied, as it was the state having the most significant contacts with the workmen's compensation aspect of the case.

Similarly, in the matter *sub judice,* the appellants are seeking subrogation of monies paid to the appellee under the Workmen's Compensation Act. Clearly, the most important aspect of this case is the recapturing of monies paid in accordance with the compensation law.

■ The Pennsylvania Workmen's Compensation Act provides at 77 Pa.S. § 671 that when an injury is caused by the act or omission of a third party, the employer shall be subrogated to the rights of the employee. However, this rule is superseded by the Motor Vehicle Financial Responsibility Law (MVFRL) which provides, *inter alia,* at 75 Pa. C.S. § 1720:

### § 1720. Subrogation

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits ...

As the law of Pennsylvania prevails, it is of no moment that New Jersey's Workmen's Compensation Act, as did Pennsylvania's prior to the Motor Vehicle Financial Responsibility Law, permit subrogation of monies paid under its Workmen's Compensation Act, where there is recovery against a third party.

The appellants rely heavily on *Wiest v. Eazor Express,* 311 Pa.Super. 128, 457 A.2d 527 (1983) to support their contention that subrogation should be permitted if the accident occurred in a state permitting subrogation. *Wiest* is inapplicable, as it was decided under Pennsylvania's No Fault Act, 40 Pa.S. § 1009.101, *et seq.* which has been repealed and replaced by the Motor Vehicle Financial Responsibility Law. Further, as the court noted in *Wiest,* the No–Fault Act specifically provided for different benefits if

an accident occurred within the state or outside the state. 40 Pa.S. § 1009.201.[4] Section 1720 of the MVFRL makes no distinction between accidents occurring within or outside of Pennsylvania.

The Motor Vehicle Financial Responsibility Law is unambiguous in its proviso that there shall be no subrogation of a claimant's tort recovery with respect to workmen's compensation benefits, where the benefits received rise from the use of a motor vehicle and this provision has been declared constitutional. *Walters v. Kamppi*, 118 Pa. Cmwlth. 487, 545 A.2d 975 (1988); allocatur denied 520 Pa. 620, 554 A.2d 512 (1989).[5]

Having concluded that Pennsylvania law applies in determining the right to subrogation where benefits are paid under Pennsylvania's Workmen's Compensation Act, we find that appellants are not entitled to subrogation of monies paid to the appellee as a result of his settlement.

Order affirmed.

**4.** It was stated in *Brunelli v. Farelly Bros.*, 266 Pa.Super. 23, 25, 402 A.2d 1058, 1059 (1979).
"Although the no-fault statute does not specifically prohibit subrogation by a workmen's compensation insurer, a careful analysis of that convoluted, ungrammatical statute leads us to the conclusion that the workmen's compensation insurer is not subrogated, at least under the facts of the case before us, to any recovery by the injured employee."

**5.** *Walters v. Kamppi, supra,* in referring to § 1720 stated: "We find these words to be clear and free of all ambiguity." 118 Pa.Cmwlth. at 488, 545 A.2d at 977.