**Messier v. Smith**

130

*James Comitale, William P. Douglas, Michael Rent-schler, William A. Addams, John M. Abel* and *James M. Sheehan,* for defendants.

*Edward Guido* and *Timothy Anstine,* for plaintiff.

OLER, *J.,* February 6, 1995—This case is an action for damages based on negligence arising out of a two-car collision in which Deborah E. Smith, defendant, was the driver of one of the vehicles and Steven A. Messier, decedent, was her passenger. Presently before the court is defendant-Smith's motion for summary judgment.

She alleges that because plaintiff applied for, received, and continues to receive Pennsylvania Workers' Compensation benefits, this is her sole and exclusive remedy. Thus, defendant-Smith requests this court to enter judgment in her favor as a matter of law. For the reasons stated in this opinion, defendant-Smith's motion will be granted.

## STATEMENT OF FACTS

Plaintiff is Kelly D. Messier, an adult individual residing at 183 Prospect Street, Ashland, Massachusetts; she is the widow of, and executrix of the estate of, decedent.[1] Defendant-Smith is an adult individual currently residing at 156 South Hanover Street, Carlisle, Cumberland County, Pennsylvania.[2] At all times relevant hereto, decedent and defendant-Smith were agents and/or employees of Facilities Resource Management Company, and were acting within the scope of their employment.[3] FRM has an address of P.O. Box 1515, Madison, Connecticut.[4]

---

1. Plaintiff's complaint, paragraphs 1, 2, 26; defendant claims she is without knowledge and information sufficient to form a belief as to the truth of this. See answer of defendant, Deborah E. Smith to plaintiff's complaint with new matter and new matter pursuant to Rule 2252(d), paragraphs 1, 2, 26.

2. Plaintiff's complaint, paragraph 3; answer of defendant, Deborah E. Smith to plaintiff's complaint with new matter and new matter pursuant to Rule 2252(d), paragraph 3.

3. Plaintiff's complaint, paragraph 8; answer of defendant, Deborah E. Smith to plaintiff's complaint with new matter and new matter pursuant to Rule 2252(d), paragraph 8.

4. See plaintiff's response in opposition to defendant-Smith's motion for summary judgment, exhibit B.

Decedent had been employed by FRM as a project manager since May of 1989.[5] In early 1992, decedent was assigned by FRM to work at Dickinson College, Carlisle, Cumberland County, Pennsylvania.[6] During this time, decedent maintained a residence in Ashland, Massachusetts, where his wife and two children resided.[7] Every Monday morning, decedent travelled, at the expense of FRM, from Ashland, Massachusetts, to Carlisle, Pennsylvania, returning to Massachusetts every Friday, again at the expense of FRM.[8] While in Carlisle during the week, Dickinson College provided decedent with housing, and FRM paid all of his other expenses.[9] Thus, decedent spent Monday through Friday in Carlisle, Pennsylvania, and spent every weekend at his home in Massachusetts.[10]

On February 8, 1993, decedent and defendant-Smith were travelling in an automobile driven by defendant-Smith to pick up a fellow FRM employee, Donald Santostefano.[11] After picking up Mr. Santostefano, the three were to travel to Gettysburg College to make a presentation on behalf of their employer, FRM.[12]

At approximately 6 p.m. on February 8, 1993, the automobile driven by defendant-Smith, in which de-

---

5. Deposition of Kelly Messier, July 7, 1994, N.T. 6.

6. Messier deposition, N.T. 19.

7. Messier deposition, N.T. 7-8, 20.

8. Messier deposition, N.T. 8.

9. Messier deposition, N.T. 8, 19.

10. Messier deposition, N.T. 8.

11. Deposition of Deborah E. Smith, February 24, 1994, N.T. 6, 8.

12. Deposition of Donald Santostefano, February 24, 1994, N.T. 5.

cedent was a passenger, collided with a van driven by Richard Lee Weaver at the intersection of Burnt House Road and West Old York Road in Dickinson Township, Cumberland County, Pennsylvania.[13] This collision, according to plaintiff, resulted in the death of decedent.[14]

On April 8, 1993, plaintiff applied for and received benefits through the Pennsylvania Workers' Compensation Act.[15] According to plaintiff, even though she received, and continues to receive, benefits through the Pennsylvania Workers' Compensation Act, she has reserved her right to file a claim for supplemental benefits under Connecticut's Workers' Compensation Act.[16]

The procedural history of this case with regard to plaintiff and defendant-Smith is as follows: Plaintiff initiated this suit by filing a complaint on May 27, 1993. Defendant-Smith filed an answer with new matter on September 3, 1993. At issue presently is defendant-Smith's motion for summary judgment, asserting that Pennsylvania law should be applied in this case.[17] Additionally, she claims that because plaintiff received compensation under the Pennsylvania Workers' Compensation Act, this is her sole and exclusive remedy, and that, as a result she cannot maintain this action

13. Plaintiff's complaint, paragraphs 9-12; answer of defendant, Deborah E. Smith to plaintiff's complaint with new matter and new matter pursuant to Rule 2252(d), paragraphs 9-12.

14. Plaintiff's complaint, paragraph 12.

15. Defendant, Deborah E. Smith's motion for summary judgment, exhibit E; plaintiff's brief in support of her response in opposition to defendant Smith's motion for summary judgment, at 3.

16. Plaintiff's brief in support of her response in opposition to defendant Smith's motion for summary judgment, at 4.

17. Defendant, Deborah E. Smith's motion for summary judgment, paragraph 24.

against defendant-Smith, a co-worker.[18] In her brief, plaintiff argues that this court should apply Connecticut law, since decedent's employer is based in Connecticut.[19] The Connecticut Workers' Compensation Act permits an employee to maintain a separate action against a co-worker.[20]

## STATEMENT OF LAW

### Summary Judgment

Pa.R.C.P. 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this regard, "[t]he moving party has the burden of proving the non-existence of any genuine issue of fact." *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 468-69 (1979). "A fact is 'material' if its determination could affect the outcome of the case, and a dispute concerning a material fact is 'genuine' where the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Barlow v. Greenridge Oil Co.*, 744 F. Supp. 108, 110 (W.D. Pa. 1990), citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Additionally, "[t]he record must be examined in the light most favorable to the non-moving party." *Schacter*

18. Defendant, Deborah E. Smith's motion for summary judgment, paragraphs 29-30.

19. See plaintiff's brief in support of her response in opposition to defendant Smith's motion for summary judgment.

20. See plaintiff's brief in support of her response in opposition to defendant Smith's motion for summary judgment.

*v. Albert,* 212 Pa. Super. 58, 62, 239 A.2d 841, 843 (1986). "All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." *Thompson Coal Co. v. Pike Coal Co., supra* at 204, 412 A.2d at 469. A court should grant summary judgment "only in the clearest of cases, where the right is clear and free from doubt." *Id.*

## Conflict of Laws

"In deciding choice of law questions, we first must determine whether a true conflict exists between the laws of the two states, and, if a true conflict is present, we must analyze the governmental interests underlying the issue and determine which state has the greater interest in the application of its law." *Rosen v. Tesoro Petroleum Corp.,* 399 Pa. Super. 226, 231, 582 A.2d 27, 30 (1990), *appeal denied,* 527 Pa. 636, 592 A.2d 1303 (1991). Once this determination is made, Pennsylvania's choice-of-law standard must be applied.

"In the landmark case of *Griffith v. United Airlines Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), the Supreme Court abandoned the rule in conflict of law cases that the law to be applied was that of the place where the injury occurred, *lex loci delicti.* In its place, the court adopted the rule that the law of the state having the most significant contacts with the matter in dispute should prevail. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. . . . It is firmly established in our jurisprudence that a less restrictive approach than that of *lex loci delicti* has been replaced by a government interest analysis and a significant relationship approach. Under the Pennsylvania choice of law standard, the state having the most interest in the problem, and which is most intimately concerned with the outcome, is the

forum whose law should apply. . . ." *Allstate Insurance Co. v. McFadden,* 407 Pa. Super. 537, 541-42, 595 A.2d 1277, 1279 (1991) (citations omitted) (footnote omitted), *appeal denied,* 529 Pa. 644, 602 A.2d 855 (1992).

"In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the 'policies and interests underlying the particular issue before the court.' *Griffith* [*v. United Airlines,* 416 Pa. 1, 21, 203 A.2d 796, 805]. When doing this it must be remembered that a mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. . . ." *Troxel v. A.I. DuPont Institute,* 431 Pa. Super. 464, 468, 636 A.2d 1179, 1181 (1994) (citations omitted), quoting *Cipolla v. Shaposka,* 439 Pa. 563, 565, 267 A.2d 854, 856 (1970).

"The relevant inquiry, therefore, is not the number of contacts each litigant has had with a state." *Troxel v. A.I. DuPont Institute, supra* at 468, 636 A.2d at 1181. "Instead, a court must evaluate 'the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.' " *Id.,* quoting *Normann v. Johns-Manville Corp.,* 406 Pa. Super. 103, 108, 593 A.2d 890, 893 (1991).

## Workers' Compensation

With regard to Pennsylvania's Workers' Compensation Act, section 205 of the Act provides as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."[21]

With regard to the pertinent provision of Connecticut's Workers' Compensation Act, section 293a provides as follows:

"If an employee or, in the case of his death, his dependent, has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee *unless such wrong was willful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.*"[22]

Our research has failed to uncover any case law with regard to the specific problem presented in this case, namely, how to resolve a conflict between two states' workers' compensation laws where an employee or his agent sues a fellow employee based on negligence after applying for and receiving workers' compensation benefits in Pennsylvania. However, our appellate courts have previously addressed conflict of laws issues in cases involving workers' compensation subrogation. In a case in which an employee, who was a resident of Pennsylvania, was injured in an automobile accident in New Jersey, his employer, a Pennsylvania corporation, and

21. Act of June 2, 1915, P.L. 736, §205, *as amended,* 77 P.S. §72.

22. Conn. Gen. Stat. §31-293a (1987). (emphasis added)

his employer's workers' compensation carrier sued the employee in Pennsylvania for subrogation after the employee settled his claim for personal injuries against the owner of the other vehicle involved in the accident. *Allstate Insurance Company v. McFadden, supra.* Following a review of the pertinent interests of both New Jersey and Pennsylvania, the court held "that Pennsylvania law applies in determining the right to subrogation where benefits are paid under Pennsylvania's Workmen's Compensation Act. . . ." *Id.* at 544, 595 A.2d at 1280.

## APPLICATION OF LAW TO FACTS

In the present case, it appears that a conflict does exist between Connecticut's Workers' Compensation Act, which plaintiff asks us to apply, and Pennsylvania's Workers' Compensation Act, which defendant-Smith asks us to apply. In the present case, we believe that the interests of Pennsylvania in applying its workers' compensation law outweigh those of Connecticut. The accident giving rise to this action occurred in Pennsylvania. Defendant-Smith is a resident of Pennsylvania, and decedent worked in Pennsylvania for approximately one year prior to the accident. Moreover, plaintiff chose to seek benefits through Pennsylvania's Workers' Compensation Act, even though she could arguably have sought them in Connecticut. Thus, she should be held to abide by all the provisions of the Pennsylvania Act. Decedent's only connection to Connecticut was that the employer was based there. His permanent residence was in Massachusetts and he did not spend any significant time working in Connecticut. For these reasons, we feel that Pennsylvania has the stronger interests in seeing its law applied in this case. Therefore, since Pennsylvania's Workers' Compensation Act forbids an employee from bringing an action in negligence against

a co-employee when the employee is injured while the two are acting within the scope of their employment and the injury is compensable through workers' compensation, the following order will be entered:

## ORDER

And now, February 6, 1995, after careful consideration of defendant-Smith's motion for summary judgment, and for the reasons stated in the accompanying opinion, the motion is granted.