**Shankler v. Providian Insurance Company**

C.P. of Lackawanna County, no. 99-CV-2559.

*Gregory DeVero,* for plaintiff Shankler.
*Kevin Canavan,* for plaintiff NJM.
*Edward Monsky,* for defendant.

MINORA, *J.,* April 6, 2000—The defendant comes before this court with two preliminary objections to the plaintiffs' amended complaint. Specifically, the defendant asserts that the plaintiffs' amended complaint (1) is subject to an alternative dispute resolution agreement which denies the court jurisdiction over the subject matter, and (2) fails to allege a legally sufficient claim or conform to the law or rules of court because under Pennsylvania law, uninsured motorist benefits are not subject to the subrogation rights that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance. Oral arguments were heard before this court on January 20, 2000. Both sides have submitted their respective briefs. As such, this matter is ripe for disposition.

## FACTUAL HISTORY

This case results from an automobile accident involving Mr. Shankler while he was acting within the scope of his employment as a bus driver for his then employer Lakeland Bus Lines Inc. New Jersey Manufacturers Insurance Company was the workers' compensation carrier for Mr. Shankler's employer at the time of the accident. Providian Insurance Company, defendant, provided Lakeland's uninsured motorist coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law.

Following the accident, Mr. Shankler received workers' compensation benefits from NJM under the laws of the state of New Jersey in the amount of $47,288.38. $36,038.38 of this amount was in compensation for medical expenses. Mr. Shankler and the defendant have scheduled an uninsured motorist arbitration hearing pursuant to the terms of the uninsured motorist policy. NJM seeks to recover on a lien settlement distribution or award. Unfortunately, the parties were unable to come to an agreement and the arbitration hearing was stayed pending a determination of the complaint presently before the court.

This opinion concerns the disposition of the defendant's two preliminary objections: (1) this matter is subject to an alternative dispute resolution agreement which denies the court jurisdiction over the subject matter, and (2) the plaintiffs' amended complaint fails to allege a legally sufficient claim or conform to the law or rules of court because under Pennsylvania law, uninsured motorist benefits are not subject to the subrogation rights

that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance.

## DISCUSSION

### I. *Alternative Dispute Resolution*

NJM alleges that because it was never a party to the arbitration agreement entered into between Lakeland and the defendant, it cannot be bound by said agreement. The defendant argues that NJM is bound by the arbitration agreement, thus denying this court jurisdiction over the subject matter of the case. To decide this issue, the court must ask two questions. (1) Was an agreement to arbitrate entered into; and (2) does the dispute in question fall within the arbitration clause. *Lincoln University of the Commonwealth System of Higher Education v. Lincoln University Chapter of American Association of University Professors,* 467 Pa. 112, 119, 354 A.2d 576, 580 (1976). It is uncontested fact that NJM was not a party to the insurance policy between Lakeland and the defendant. See defendant's supplemental brief in support of its preliminary objections to the amended complaint, p. 3. Therefore, although there was an agreement to arbitrate, it did not involve NJM. Accordingly, the dispute which is the subject of this memorandum is not subject to the arbitration clause.

Because NJM was not a party to the agreement, the court lacks the authority to compel NJM to submit to the arbitration agreement within the insurance policy. This is so because an agreement to arbitrate is a contract to

submit to the authority of the arbitrators derived from the mutual assent of the parties to the terms of submission. *Neshaminy Federation of Teachers v. Neshaminy School District,* 59 Pa. Commw. 63, 67, 428 A.2d 1023, 1025 (1981). Therefore, even though Mr. Shankler was a party to the arbitration agreement and thus bound to the terms thereof, NJM was not a party and is not bound. As such, the court cannot compel it to submit to the terms thereof. Accordingly, the defendant's preliminary objection as to this specific issue is denied.

## II. *Subrogation Lien*

The defendant's second preliminary objection asserts that under Pennsylvania law, uninsured motorist benefits are not subject to the subrogation rights that a compensation carrier would normally have if the driver of the automobile causing the injury had the common form of liability insurance. *Standish v. American Manufacturers Mutual Insurance Co.,* 698 A.2d 599, 601 (Pa. Super. 1997), citing *Rhodes v. Automotive Ignition Co.,* 218 Pa. Super. 281, 275 A.2d 846 (1971). Premised on this, argues the defendant, the court should either dismiss this action (because there is no valid workers' compensation lien of NJM under Pennsylvania law) or in the alternative, preclude Mr. Shankler from presenting or recovering any amounts with regard to payments of NJM.

The plaintiffs counterargue that New Jersey law should apply under the facts of this case. Further, while Pennsylvania law does not allow for subrogation rights under these circumstances, New Jersey law does. At issue, therefore, is which state's law is appropriate under the facts of this case.

Pennsylvania decides conflicts of law questions by determining which state has the most significant interest in the matter under dispute. *Byard F. Brogan Inc. v. W.C.A.B. (Morrissey),* 161 Pa. Commw. 453, 459, 637 A.2d 689, 692 (1994). Under this analysis, the court will apply the law of the state having the most significant (*i.e.,* measured by quality rather than quantity) contacts with the matter in dispute. *Brogan,* citing *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). Put another way, the state having the most interest in the problem, and which is the most intimately concerned with the outcome, is the state whose law should apply. *Brogan,* citing *Spratley v. Aetna Casualty & Surety Co.,* 704 F. Supp. 595 (E.D. Pa. 1989).

In the case sub judice, it is the court's opinion that New Jersey has the most significant interest in the matter and therefore, its laws should apply. NJM is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Furthermore, under the facts of this case, Mr. Shankler originally sought and received his workers' compensation benefits under the laws of New Jersey. In the similar case of *Allstate Insurance Co. v. McFadden,* 407 Pa. Super. 537, 595 A.2d 1277 (1991), the Superior Court ruled that Pennsylvania had the most significant interest in determining the right of an employer to subrogation where Allstate had made payments to an insured employee under the color of Pennsylvania law. *McFadden* at 541, 595 A.2d at 1279. Instantly, Mr. Shankler has already been paid benefits under the laws of New Jersey. Accordingly, we find that New Jersey has the most significant interest in this issue and therefore the laws of New Jersey should and shall be

applied. Because New Jersey allows for a subrogation lien under the present circumstances, the defendant's preliminary objection as to this issue is denied.

An appropriate order will follow.

### ORDER

And now, to wit, April 6, 2000, it is hereby ordered and decreed that the defendant's preliminary objections are denied.