# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Vottero, : 
            Petitioner :
 :
     v. : No. 612 C.D. 2019
 : SUBMITTED: September 13, 2019
Workers' Compensation Appeal :
Board (Softboss and Safeguard :
Systems and State Workers' :
Insurance Fund (SWIF)), :
            Respondents :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                             FILED: January 9, 2020


William Vottero (Claimant) petitions this Court for review of the April 23, 2019 order of the Workers' Compensation Appeal Board (Board), affirming the decision of a workers' compensation judge (WCJ) which determined Softboss and Safeguard Systems and the State Workers' Insurance Fund (SWIF), Employer's workers' compensation insurance carrier, (collectively Employer) were entitled to subrogation against Claimant's third-party recovery pursuant to Section 319 of the Workers' Compensation Act (Act).[1]  The issues before this Court are whether the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.  Section 319 of the Act relevantly provides that, where a claimant's injury is caused by the act or omission of a third party, the employer "shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer[.]"

Board erred in concluding Claimant's recovery under Employer's uninsured motorist (UM) policy was subject to a subrogation lien and whether the Board correctly applied Pennsylvania law in reaching this conclusion. After careful review, we affirm.

## I.  Background

The facts of this case are not in dispute. Claimant, a resident of Havertown, Pennsylvania, was injured in a motor vehicle accident (MVA) on August 26, 2011, while driving Employer's motor vehicle in the scope and course of his employment.[2] WCJ Decision, 4/13/18, Finding of Fact (F.F.) No. 3. Employer, a Delaware corporation which maintains a business address in Philadelphia, Pennsylvania, accepted Claimant's injuries as work-related and issued a Notice of Compensation Payable (NCP). Certified Record (C.R.), Item No. 13; Reproduced Record (R.R.) at 23a. Thereafter, Claimant received Pennsylvania workers' compensation benefits for medical expenses and wage losses paid at a rate of $341.14 per week.[3] *Id.*

On March 28, 2013, the WCJ approved a Compromise and Release Agreement (C&R)[4] executed by Claimant and Employer. C.R., Item No. 18. Per the terms of the C&R, Claimant accepted a lump sum of $70,000 "[a]s full and final

---

[2] Although the record does not disclose the precise location of the MVA, both Claimant and Employer acknowledge in their respective appellate briefs that the accident took place in Pennsylvania.

[3] In a decision circulated on March 22, 2012, the WCJ adopted a stipulation of facts that amended Claimant's average weekly wage to $486.42, with a corresponding compensation rate of $429. C.R., Item No. 17.

[4] Section 449(a) of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5(a), allows the parties interested to compromise and release any and all liability which is claimed to exist under the Act.

satisfaction of all claims made[.]" *Id.* at 6. Employer retained all rights to a subrogation lien under Section 319 of the Act. *Id.*

In addition to filing a claim for benefits under the Act, Claimant filed an action in Delaware against Employer's UM carrier for injuries sustained in the August 26, 2011 MVA. WCJ Decision, F.F. No. 6; WCJ Hearing, 10/30/17, at 5. In connection with that action, Claimant received an arbitration award in the amount of $325,000. WCJ Hearing Transcript, 12/11/17, Ex. D-1. In recognition of Employer's lien in the amount of $149,627.58, a portion of Claimant's arbitration award was placed in an escrow fund.[5] *Id.*

On December 16, 2016, Employer filed a Petition to Review Compensation Benefit Offset (Petition), in which it asserted a right to satisfaction of its lien from Claimant's third-party recovery. C.R., Item No. 2. In a brief filed in opposition to the Petition, Claimant asserted that any right to subrogation of his third-party award was governed by the laws of Delaware, not Pennsylvania, as Employer's UM policy was issued pursuant to Delaware law. R.R. at 42a. Claimant argued that Employer's Petition must be denied, as Delaware law provides that an employer may not assert a subrogation lien against an employee's receipt of UM benefits.[6] *Id.* at 45a-46a.

---

[5] The amount in escrow, $94,776.55, represents 60 percent of Employer's lien plus $5,000 for "[b]ad faith proceedings/additional legal expenses." WCJ Hearing Transcript, 12/11/17, Ex. D-1.

[6] In Delaware, an employer's statutory right to subrogation and reimbursement for workers' compensation benefits paid to a claimant traditionally extended to an employee's recovery from a third-party's UM benefits. *Harris v. New Castle Cty.*, 513 A.2d 1307, 1309 (Del. 1986) (an employer's subrogation rights under Delaware workmen's compensation law includes damages a third-party tortfeasor would be required to pay "but for his lack of insurance"). This right of subrogation could not be asserted against proceeds received pursuant to a UM policy purchased by the injured employee. *Adams v. Delmarva Power & Light Co.*, 575 A.2d 1103, 1107-08 (Del. 1990).

3

Claimant further argued that no right to subrogation of his UM benefits existed, as the strict language of Section 319 of the Act only permits subrogation against the third party that caused the injury. *Id.* at 45a.

In a decision circulated April 13, 2018, the WCJ determined that Pennsylvania law governed Claimant's resolution of the subrogation issue. WCJ Decision, Conclusion of Law No. 8. The WCJ based this conclusion on Claimant's status as a Pennsylvania resident employed in Pennsylvania by an employer that conducted business in Pennsylvania. *Id.* All litigation related to payment and receipt of workers' compensation benefits took place in Pennsylvania pursuant to the provisions of the Act. *Id.* Furthermore, Claimant entered into a C&R under the Act which affirmed the existence of a subrogation lien. *Id.* As Employer was entitled to subrogation under Section 319 of the Act, the WCJ granted the Petition. WCJ Decision at 5.

Claimant appealed to the Board, arguing the WCJ erred in concluding Pennsylvania law controlled, as Employer is incorporated in Delaware and chose to

At the time *Harris* and *Adams* were decided, Section 2363(e) of the Delaware Workmen's Compensation Act (Delaware Act) relevantly provided that any recovery against a third party for damages resulting from personal injury or death "shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the [Delaware Act] to date of recovery, and the balance shall forthwith be paid to the employee . . . ." 50 Del. Laws (1955), ch. 339, § 21; Delaware Code Online, Laws of Delaware. https://delcode.delaware.gov/sessionlaws/ga118/chp339.shtml (last visited January 2, 2020).

The 1993 amendments to Section 2363(e) provided that "reimbursement shall be had only from the third-party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage awarded for the injured party, after the injured party's claim has been settled or otherwise resolved." 19 Del.C. § 2063; 69 Del. Laws (1993), ch. 116, § 1. The Delaware Supreme Court, in *Simendinger v. National Union Fire Insurance Company*, 74 A.3d 609, 611 (Del. 2013), held that the 1993 amendments eliminated the ability of a workers' compensation insurer to assert a lien against UM benefits received by an injured employee.

4

insure its vehicles under Delaware state law. C.R., Item No. 5. Claimant maintained that Employer could not contravene the laws of Delaware solely because it chose to provide workers' compensation benefits through a Pennsylvania workers' compensation insurer. *Id.* The Board rejected Claimant's argument and affirmed the WCJ, reasoning that the dispute at issue was the extent of Employer's subrogation rights under Pennsylvania law.[7] C.R., Item No. 7.

## II. Issues

On appeal,[8] Claimant argues that Section 319 of the Act is not applicable, as the benefits recovered under Employer's UM policy did not constitute a recovery against the third party that caused Claimant's injuries. Consequently, the Board erred when it concluded Employer was entitled to subrogation against Claimant's UM benefits. In the alternative, Claimant argues the Board should have applied the laws of Delaware to resolve the issue of Employer's right to subrogation of Claimant's UM benefits.

## III. Analysis

Section 319 of the Act relevantly provides that:

> **Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe**, his personal representative, his estate or his

---

[7] Claimant's appeal to the Board also argued the WCJ's findings regarding the existence and amount of SWIF's lien were not supported by substantial, competent evidence. C.R., Item No. 5. The Board did not address this issue in its opinion and Claimant declined to raise it further in his appeal to this Court.

[8] Our review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Walter v. Workers' Comp. Appeal Bd. (Evangelical Cmty. Hosp.)*, 128 A.3d 367, 371 n.5 (Pa. Cmwlth. 2015).

5

dependents, **against such third party** to the extent of the compensation payable under this article by the employer[.]

77 P.S. § 671 (emphasis added).

This Court has construed this language to permit subrogation from both "direct recoveries from third-party tortfeasors **as well as recoveries paid on behalf of or for the liability of that third party.**" *Hannigan v. Workers' Comp. Appeal Bd. (O'Brien Ultra Serv. Station)*, 860 A.2d 632, 639 (Pa. Cmwlth. 2004) (emphasis added). The purpose of subrogation is three-fold: 1) it prevents a claimant's double recovery for the same injury; 2) it insures an employer is not compelled to pay benefits made necessary by the negligence of a third party; and 3) it prevents a third party from escaping liability for his negligence. *City of Meadville v. Workers' Comp. Appeal Bd. (Kightlinger)*, 810 A.2d 703, 704 (Pa. Cmwlth. 2002) (citing *Dale Mfg. Co. v. Bressi*, 421 A.2d 653, 654 (Pa. 1980)).

As to the first issue presented, Claimant recognizes the existence of legal precedent which permits subrogation in circumstances such as those presented here. However, he suggests those decisions must be reexamined, as the strict language of Section 319 only authorizes subrogation against the third party whose act or omission caused a claimant's injury. Here, Claimant's recovery came from Employer's UM carrier, which did not cause Claimant's injuries. As such Claimant argues Employer may not assert a subrogation lien against his UM benefits.

Unfortunately, Claimant did not raise this issue in his appeal to the Board. Rather, Claimant asserted the following:

> Findings of Fact Nos. 2, 7-8 are not supported by substantial, competent evidence and are in contravention of the law as [E]mployer was incorporated in the state of Delaware, chose to insure its motor vehicles under Delaware state law and elected to provide Delaware UM

coverage to its employees. Employer cannot contravene Delaware state law and the terms of the Delaware UM endorsement solely because [E]mployer chose to satisfy its obligation under both Delaware and Pennsylvania state law to provide workers['] compensation benefits to its employees by selecting a Pennsylvania workers['] compensation insurer and paying WC benefits under Pennsylvania law.

C.R., Item No. 5.

Claimant also asserted the following errors of law:

Conclusions of Law Nos. 2-8 are in error, as [sic] [E]mployer was incorporated in the state of Delaware, chose to insure its motor vehicles under Delaware state law and elected to provide Delaware UM coverage to its employees. Employer cannot contravene Delaware state law and the terms of the Delaware UM endorsement solely because [E]mployer chose to satisfy its obligation under both Delaware and Pennsylvania state law to provide workers['] compensation benefits to its employees by selecting a Pennsylvania workers['] compensation insurer and paying WC benefits under Pennsylvania law.

*Id.*

Claimant neither raised concerns over the WCJ's interpretation of Section 319 nor argued for the invalidation of jurisprudence which established a right of subrogation for "recoveries paid on behalf of or for the liability of" a third party.[9] *Hannigan*, 860 A.2d at 639. The law is well settled that issues not raised before the Board are waived and cannot be raised for the first time before this Court. *Myers v.*

---

[9] Claimant would not prevail on this issue even had he raised it with the Board, as it was addressed nearly two decades ago in *City of Meadville*, wherein this Court determined that an employer was entitled to a subrogation lien against a claimant's UM benefits paid by the employer's motor vehicle insurance carrier. Claimant has not posited a compelling argument for overturning this decision, or any that followed in its wake.

7

*Workers' Comp. Appeal Bd. (Family Heritage Rest.)*, 728 A.2d 1021, 1023 (Pa. Cmwlth. 1999). Accordingly, we conclude Claimant's first issue has been waived.

Next, we address whether Pennsylvania law, or that of Delaware, governs Employer's assertion of a subrogation lien against Claimant's UM benefits.

When faced with the issue of which state's law should govern disposition of a matter, a court may apply the policy of the jurisdiction most intimately concerned with the outcome of the particular litigation. *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 806 (Pa. 1964). A state's contacts must not be simply counted, but should rather be measured on a qualitative scale. *Cipolla v. Shaposka*, 267 A.2d 854, 856 (Pa. 1970). In the context of workers' compensation litigation, and an employer's right to subrogation against a claimant's third-party recovery, the main aspect of the case is "the recaptur[e] of monies paid in accordance with the [workers'] compensation law." *Allstate Ins. v. McFadden*, 595 A.2d 1277, 1280 (Pa. Super 1991).[10] The state with the most significant interest in determining an employer's subrogation rights is the one in which workers' compensation benefits were paid to an injured employee. *Id.* at 1279. Therefore, in weighing a state's contacts in a given matter, "the most significant, and likely determinative, contact is the [workers' compensation] law the parties have utilized." *Young v. Workers' Comp. Appeal Bd. (Chubb Corp.)*, 88 A.3d 295, 301 (Pa. Cmwlth. 2014). Moreover, the state with the most significant contacts is that which regulated the employer's insurance policy under which workers' compensation benefits were paid pursuant to that state's workers' compensation law. *Id.* That state's workers' compensation law should apply to matters arising in that context. *Id.*

---

[10] This Court adopted the Superior Court's reasoning in *Allstate* in *Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Board (Morrissey)*, 637 A.2d 689, 693 (Pa. Cmwlth. 1994).

8

Claimant argues that Employer elected to purchase and provide UM benefits through an insurance contract issued under Delaware law, which prohibits an employer from seeking subrogation against an employee's recovery of UM benefits. By purchasing an insurance contract governed by Delaware law, Claimant asserts, Employer waived its right to seek subrogation against Claimant's UM benefits.

In refuting Claimant's arguments, Employer maintains that Delaware contacts are limited to the state of Employer's incorporation, and the state under which Employer's automobile insurance policy may have been issued. By way of contrast, Claimant resides in Pennsylvania, is employed here, and received workers' compensation benefits pursuant to the laws of Pennsylvania. Employer conducts business in Pennsylvania and holds a Pennsylvania workers' compensation insurance policy issued by a Pennsylvania workers' compensation insurance carrier. All litigation concerning Claimant's receipt of workers' compensation benefits under the Act took place in Pennsylvania. As such, Employer contends, Pennsylvania has the most significant contacts to the underlying litigation and its law must apply.

Having reviewed the contacts with both Delaware and Pennsylvania as they relate to this matter, we conclude that Pennsylvania's law must govern its disposition, as Pennsylvania regulated the workers' compensation insurance policy under which benefits were paid to Claimant pursuant to the Act. Such a disposition is consistent with our decision in *Young*, which presents facts similar to the present controversy.

Relevantly, the claimant in *Young*, a Pennsylvania resident, suffered a work injury in an MVA that occurred in Delaware. *Young*, 88 A.3d at 297. Accordingly, she received benefits pursuant to the Act. *Id.* The claimant and her employer

9

executed a C&R under the Act that settled the claimant's right to receive future workers' compensation benefits in exchange for $85,000. *Id.* at 298. Thereafter, the claimant filed an action in Delaware against the Delaware driver and received a settlement in the amount of $160,000, from which her employer and its workers' compensation insurance carrier asserted a subrogation lien under Section 319 of the Act. *Id.* The claimant's argument that Delaware law should govern her employer's request for subrogation was rejected by a WCJ, who found that Pennsylvania had more significant contacts with the workers' compensation matter. *Id.* Consequently, the WCJ directed the claimant to pay her employer $101,381.94 in satisfaction of its lien. *Id.* The Board affirmed the WCJ. *Id.* at 298-99.

On appeal to this Court, the claimant argued the WCJ erred in applying Pennsylvania law as Delaware, not Pennsylvania, had more significant contacts. *Id.* at 299. This Court disagreed, noting that the claimant was a Pennsylvania resident and her employer, a New Jersey corporation, conducted business in Pennsylvania and held a Pennsylvania workers' compensation policy. *Id.* at 301. Importantly, the claimant availed herself of the Act through receipt of workers' compensation benefits and all litigation concerning those benefits took place in Pennsylvania pursuant to the Act. *Id.* Furthermore, the claimant recognized her employer's right to a subrogation lien through execution of a C&R under the provisions of the Act. *Id.* This Court recognized that the claimant's employer conducted business in Delaware, and the MVA – as well as the subsequent litigation against the third-party tortfeasor (a Delaware resident) – took place in Delaware. *Id.* Regardless, this Court concluded that Pennsylvania law applied, as it was the state with the most significant interest in determining the employer's right to subrogation where it made payments to the claimant under the Act. *Id.* at 301-02.

10

The *Young* Court relied in part on our Superior Court's decision in *Allstate*, in which the claimant, a Pennsylvania resident, suffered injuries in an MVA that took place in New Jersey. *Allstate*, 595 A.2d at 1277. The claimant's employer, a Pennsylvania corporation, paid the claimant workers' compensation benefits under the Act. *Id.* at 1277-78. An action filed against the other driver, a resident of New Jersey, was settled for an undisclosed sum. *Id.* at 1278-79. The claimant's employer and workers' compensation carrier subsequently sought reimbursement of workers' compensation benefits paid. *Id.* at 1278. In determining whether Pennsylvania or New Jersey law should govern its analysis of the subrogation issue, the Superior Court noted that "the state having the most interest in the problem, and which is the most intimately concerned with the outcome, is the forum whose law should apply." *Id.* at 1279. The Court opined that Pennsylvania had a significant interest in payments made under the Act and the subrogation of monies paid to its employees by a third party. Accordingly, as New Jersey's contacts were limited to the location of the MVA and the residential status of the third-party tortfeasor, Pennsylvania law applied as it had the most interest in determining the rights of an employer to subrogation following the payment of benefits to an injured employee. *Id.* at 1279.

In *Byard F. Brogan*, this Court, having adopted the reasoning in *Allstate*, applied Pennsylvania law to a subrogation matter involving a Pennsylvania resident injured in an MVA in West Virginia while in the course and scope of employment with a Pennsylvania corporation. *Byard F. Brogan*, 637 A.2d at 693. West Virginia's contacts were limited to the site of the MVA and residence of the individual operating the other vehicle. *Id.* As the claimant received workers' compensation benefits under the Act, Pennsylvania had the most significant interest

11

in determining whether the employer was entitled to subrogation against the claimant's third-party recovery. *Id.*

Here, all litigation related to Claimant's receipt of workers' compensation benefits was governed by the Act, with the sole exception of the Delaware civil action which resulted in Claimant's receipt of UM benefits. Employer conducts business in Pennsylvania and engaged the services of SWIF, a Pennsylvania workers' compensation insurance carrier. Claimant resides and works in Pennsylvania. Delaware's contacts in the present matter – Employer's state of incorporation and purchase of a UM policy in Delaware – are even more tenuous than those related in *Young*. Such contacts simply cannot defeat Pennsylvania's overriding interest in determining Employer's right to subrogation for workers' compensation payments made pursuant to the Act.

As this matter is governed by Pennsylvania law, we discern no error in the Board's conclusion that, pursuant to Section 319 of the Act, Employer is entitled to assert a subrogation lien against Claimant's third-party recovery. Accordingly, we affirm the Board.[11]

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[11] Employer filed a "Motion to Strike [Claimant's] Supplemental Reproduced Record and Reply Brief" on the basis those documents contained evidence not of record and, with regard to Claimant's Reply Brief, merely reiterated the arguments set forth in Claimant's principal brief. Given our disposition of this matter, we need not address this Motion further and dismiss it as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Vottero, : 
                Petitioner : 
                 : 
        v. : No. 612 C.D. 2019
                 : 
Workers' Compensation Appeal : 
Board (Softboss and Safeguard : 
Systems and State Workers' : 
Insurance Fund (SWIF)), : 
                Respondents : 

## **O R D E R**

AND NOW, this 9th day of January, 2020, the April 23, 2019, order of the Workers' Compensation Appeal Board is hereby affirmed.  The Motion to Strike William Vottero's Supplemental Reproduced Record and Reply Brief is dismissed as moot.

_____
ELLEN CEISLER, Judge